THE UNITED STATES TRUST COMPANY OF NEW YORK, receiver of the Knickerbocker Savings Institution, *vs.* BRADY.

Where moneys deposited with the Knickerbocker Savings Institution, were loaned by such institution to the defendant, upon his promissory note, payable on demand, secured by the hypothecation of 32 shares of the capital stock of the Knickerbocker Bank; *it was held* that the note was not a violation of the charter of the savings institution, nor of the act of April 15, 1853, relative to savings banks in the city and county of New York and the county of Kings. (*Laws of* 1851, *ch.* 100; *of* 1853, *ch.* 257.)

The 6th section of the act of 1853 was intended to be, and is, only a prohibition against the loaning of the funds of savings institutions on mere personal securities.

A loan, when the note of the borrower, payable on demand, is taken, is not a loan on the *security* of that note. The note is only an evidence of the debt. If stock is hypothecated to secure the payment of the note, the loan will be deemed to have been made upon the stock.

The charter of the United States Trust Company of New York, is not unconstitutional.

That company is not a corporation created for banking purposes, *within* the meaning of section 4 of article 8 of the constitution.

The constitution gives the legislature the power, in its discretion, to create corporations other than banks, by special charter. And when that discretion has been exercised, the courts cannot review the action of the legislature.

THE nature of this action, and the defense thereto, appear concisely from the opinion of the court. The action was tried before his honor, Justice CLERKE, without a jury, at the city hall in the city of New York, on the 16th of March, 1855, and a judgment rendered *pro forma* for the plaintiffs, for the amount claimed upon the note in suit, with interest, &c. The case was directed to be heard before the general term in the first instance.

*Chas. H. Hunt*, for the plaintiff.

*John Graham*, for the defendant.

*By the Court*, MITCHELL, P. J. The Knickerbocker Savings Institution, chartered by the act passed April 8, 1851, chapter 100, amended by chapter 257 of laws of 1853, while in existence, and in the course of its business, on the 7th of January, 1854, out of the moneys deposited with it, loaned to the defendant $700, taking from him as security for its repayment when required, an hypothecation of thirty-two shares of the capital stock of the Knickerbocker Bank, which stock was owned by the defendant, and was of the nominal value of $800, and also taking his note, promising to pay the $700 on demand with interest. The savings institution afterwards became insolvent, and its assets and affairs passed by an order of a justice of the court, to the plaintiff as receiver. This action is brought to enforce payment of the note. The complaint counts only upon the note. The above facts are in substance averred in the complaint and answer, and were admitted by both parties at the trial; and no proofs were given on either side.

The defendant claims that the transaction was in violation of both of said acts, and particularly of the 6th section of the latter act; and that the plaintiff is not the lawful holder of the note. Judgment was rendered, at the circuit, in favor of the plaintiff, for the amount claimed, with interest and costs, which judgment is now the subject of review by the court at general term.

The note in question was not a violation of the charter of the savings institution, nor of the act of 1853. The 6th section of the latter act was intended to be, and is, only a prohibition against the loaning of the funds of savings institutions on mere personal securities. It was intended for the protection of the depositors, who, being generally in moderate circumstances, and not well able to take care of their funds, would wish to deposit them where they would be safe. The legislature meant to make certain the securities to be taken for them by prohibiting

loans on personal securities, and requiring that the loans should be on certain stocks or·on mortgages. A loan, when the note of the borrower, payable on demand, is taken, is not a loan on the *security* of that note. That note is only an evidence of the debt. These banks are regarded as quasi guardians or trustees for their depositors. A statute that no guardian, executor or trustee should loan the funds of the éstate on notes, drafts or other personal securities would not make void a note taken in this way; for that would defeat the very object of the legislature, which was to protect and secure the depositors in the one case, or the beneficiaries of the estate in the other. The prohibition was not to pròtect the public against any evil which could come to it from those banks holding personal securities, but to save the money of the depositors.

A mortgagor, when sued upon his bond, could not set up that the latter is void under the section in question. In that case the loan would be, not upon the bond, but upon both the bond and mortgage; principally the latter. In the· present case, the loan may be said to have been made upon the hypothecated stock, with the note as evidence of the debt.

If the note were void, and the point made by the defendant's counsel, that the action should have been for money lent, were technically sound, (*See Utica Ins. Co.* v. *Kip*, 8 *Cowen*, 20,) such a·count might be added to the complaint, in any stage of the action, or the complaint would be considered as amended accordingly; or, as these facts are stated in the answer, they could be treated as proved at the trial, and the defendant could not object to them on the ground of variance, as he could not pretend that he had been misled. (*Code*, §§ 169, 170, 275.)

The charter of the United States Trust Company of New York is not unconstitutional. It is not a corporation created for banking purposes, within the meaning of section 4, of article 8, of the constitution. Banking is there used in its then and still familiar and popular sense, that business which might be carried on by banking associations under the law to authorize the business of banking, passed April 18, 1838. That law had been amended and reference made, each time, to its title

authorizing " the *business of banking*," before the constitution was adopted, in 1840, ch. 363, in 1841, ch. 26, ch. 319, in 1844, ch. 41, ch. 281, and the meaning of the word had thus become fixed by legislative usage also. The duties of this company are prescribed by the second section of its charter, which do not include banking powers. The constitution gives the legislature the entire discretion of creating other corporations than banks, by special charter. (*Art.* 8, § 1.) That discretion has been exercised in this instance, and courts cannot review its exercise. This was so held at the general term, when the charter of the plaintiffs was first brought before its notice, on a motion that the court should appoint a day on which the annual accounts of the company should be submitted to the court, under § 20 of its charter.

The judgment must be affirmed, with costs. The receiver, on the defendant's giving security for the costs of the action, and of an appeal to the Court of Appeals, may waive any further security on said appeal, as there is a large number of cases in which the same questions are intended to be raised, and it is important to have the decision of the court of last resort as promptly as possible in the case.

[NEW YORK GENERAL TERM, May 7, 1855. *Mitchell, Clerke* and *Cowles,* Justices.]