JOHN BACON et al. *v.* THE MISSISSIPPI INSURANCE COMPANY, at Vicksburg.

1. CORPORATION: POWER TO MAKE CONTRACTS.—A corporation can make no contract which is not expressly authorized by its charter, or necessarily incident to the purposes of its creation.

2. SAME.—A corporation organized under a charter authorizing it to make insurance on property against loss, and to loan money on bottomry, respondentia, &c., has no power to contract debts, or borrow money to pay its liabilities, and. *prima facie,* no authority to execute a promissory note, unless expressly authorized to do so by its charter; and it is incumbent on the holder of such a note to show, in a suit against a corporation to collect it, the circumstances, if any exist, which would render it legal and valid, as no presumption can be indulged in favor of the validity of a corporate act, which is not expressly authorized by the charter or warranted by necessary implication. Angell & Ames on Corp. 200.

3. SAME: POWER OF THE PRESIDENT TO BIND THE CORPORATION.—The president of a private corporation has no power to make contracts on behalf of the company, except in pursuance of authority conferred on him by the board of directors.

APPEAL from the Supreme Court of Chancery.

*George S. Yerger,* for appellants.

*Mason, Burwell* and *Wharton* for appellees.

HANDY, J., delivered the opinion of the court.

The appellants filed their bill in the Superior Court of Chancery, alleging that the appellees, a company incorporated by the legislature of this State, were indebted to the Planters' Bank of Mississippi, and on the 20th March, 1838, through their president, that they executed their note to that bank for the sum of $36,800, in consequence of a resolution previously passed by their board in relation to the debt, and afterwards and on the 14th December, 1846, at a meeting of their board, a resolution was passed authorizing the payment of the debt, and it was acknowledged to be due and unpaid, and afterwards the sum of seven hundred dollars was paid upon it to the appellant's attorney: that the Planter's Bank is a dissolved corporation, and that the note of the appellants was transferred by delivery to the appellants before its dissolution.

The appellees demurred to the bill on several grounds, the principal of which are, first: that the claim is barred by the Statute of Limitations, and second: that the bill shows no authority for the execution of the note by the appellees.

The chancellor sustained the demurrer and dismissed the bill, and from that decree this appeal is taken.

We deem it necessary to consider only the second ground of demurrer.

It is insisted by the appellees, first: that their charter does not authorize the execution of such an obligation as that sought to be enforced against them, and second: that it is not warranted by the resolutions and proceedings of the board under which it is alleged to have been made.

By reference to the charter of the Insurance Company, it appears that they were authorized and empowered "to make insurance upon vessels, goods, or merchandize, freight, bottomry, respondentia, and all kinds of property, against loss, &c.; to lend money on bottomry, and respondentia, and to do and perform all matters and things for the well being of the corporation, not contrary to the provisions of this act." Sec. 2. Provision is then made for the capital stock by which the business of the company is to be carried on, and for the organization of the company and its mode of proceeding. The tenth section then provides "that all policies of insurance, and all other contracts which are authorized by this act, which shall be made or entered into by said corporation, may be either under or without the seal thereof, and shall be subscribed by the president and attested by the secretary, and being so signed, executed and attested, shall be binding and obligatory upon said corporation according to the tenor, intent and meaning of such policies and contracts, and the assured may thereupon, in case of loss arising, maintain an action of debt, covenant, or on the case, against such corporation." These appear to be the only provisions which relate to the powers of the corporation.

There is no power given to execute promissory notes; nor does the exercise of such a power appear to be necessary to the purposes of the corporation. The means of carrying on its corporate business are required to be raised by the stock which is provided for

in the charter; and if liabilities were incurred in the necessary prosecution of its business, no power is given to them to borrow money or to contract debts in order to pay those liabilities.   The execution of notes for the payment of money being foreign to the purposes of their incorporation, if there be any circumstances which will render such acts valid and legal corporate acts, it is incumbent upon the party claiming the benefit of them, to show their validity. For aught that appears in this case, the execution of the note by the corporation was unwarranted by its charter, and no presumptions can be entertained as to the validity of an act not expressly authorized by the charter, nor warranted by necessary implication. Angell & Ames on Corp. 200, et seq., 2d edit.

Again: if the corporation had power to execute the note, it must have been exercised by the president under the authority shown to have been given him by the board of directors.   And not only does there appear to be no such authority, but it is shown by the resolutions of the board, offered by the appellants to justify the execution of the note, that it was a wholly different mode of providing for the debt from that directed and resolved upon by the board.

It appears by the resolutions exhibited with the bill, and passed on the 9th February, 1838, that the president was authorized to call on the larger stockholders of the institution, and procure the names of such of them as were disposed to sign a joint note to the Planters' Bank, sufficient to cover the claim due that bank by the company, and that the president was authorized to give a bond of indemnity to said stockholders that this debt should be the first paid, &c.

It is manifest that this resolution confers no authority whatever upon the president of the company to execute a note to the bank. Indeed it would appear that the company were fully aware that they had no power to make such a contract; for the mode which they adopted of providing for the debt was the note of the individual members of the company, and not that of the corporation. It is not to be supposed that this mode would have been resorted to, had not the company been advised that the corporation had no power to execute a note to the bank for the debt, and intended to

make an arrangement for the debt otherwise than by the obligation of the company to the bank.

We think, therefore, that the contract attempted to be enforced against the company, is warranted neither by the charter nor by the proceedings of the board of directors under which it purports to have been executed, and that for this reason the bill was properly dismissed.

Decree affirmed.