## No. 450.

### THOMAS B. KILGORE *v.* THOMAS N. WILLIS et al.

The authorization to the President of the Claiborne Manufacturing Company to confess judgment was a matter of fact, and this fact it was competent for the defendant to establish by any sufficient evidence. The mere circumstance that the authority was not placed of record in the books of the company does not destroy the fact that it was given, and the party in whose favor the authority was to act could not be deprived of his rights, simply because the officers of the company were negligent in the performance of what was perhaps their duty.

APPEAL from the Eleventh Judicial District Court, parish of Claiborne. *Trimble, J. Egan & Hayes,* for plaintiff and appellee. *T. & J. W. Young,* for defendant and appellant.

MORGAN, J. This case differs from the case just decided, only in this that the authority of the president of the Claiborne Manufacturing Company to confess the judgment does not appear to have been recorded on the books of the company.

But by the charter of the company the president thereof is designated as the officer on whom citation was to be served when the corporation should be sued, and all suits by the corporation were to be brought in the name of the president thereof. If, notwithstanding the provision in the charter, special authority was necessary to enable the president to confess judment, we think it sufficiently established by parol testimony, which we think was competent evidence that such authority was expressly given. The authorization was a matter of fact, and this fact it was competent for the defendant to establish by any suffi-

cient evidence. The mere circumstance that the authority was not placed of record in the books of the company does not destroy the fact that it was given, and the party in whose favor the authority was to act could not be deprived of his rights, simply because the officers of the company were negligent in the performance of what was, perhaps, their duty.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed and that the injunction herein be dismissed.