R. J. LITTLEWORT, Supt., etc. *v.* JANE F. DAVIS et al.

1. ABSOLUTE DEED — WHEN A MORTGAGE. — It is well settled that an absolute deed will be valid and effectual as a mortgage, if it clearly appear that it was designed as a security for money. And this may be shown to be the intention and effect of the deed, by a contemporaneous or subsequent writing, or by an agreement resting in parol. Prewett v. Dobbs, 13 S. & M., 440.

2. SCHOOL FUNDS — LOAN THEREOF — SECURITY, ETC. — A loan of the school fund upon mortgage or other security than that named in the statute, is a misapplication of the fund for which the trustees would have been per-

sonally liable. Lindsay v. Marshall, 12 S. & M., 590. But the statute does not make void a mortgage or other security for a loan of the school funds.

3. CORPORATIONS — CONTRACTS THEREOF — WHEN VALID. — If a corporation make a contract outside of the purposes of its creation, it is void, because it had not power over the subject in reference to which it acted. But if it contracts with reference to a subject within its powers, but in so doing exceeds them, the person with whom it deals cannot set up such violation of its franchises to avoid the contract. School trustees are a *quasi* corporation.

4. BILL IN CHANCERY — DEMURRER — ITS EFFECT. — A demurrer to a bill admits all the allegations of fact, well stated in the bill, and reference cannot be had to exhibits to aid the bill.

APPEAL from the Chancery Court of Tallahatchie County. Hon. B. F. SIMMONS, Chancellor.

The predecessor of appellant filed his bill alleging that on the 1st of February, 1867, Jane F. Davis borrowed from the board of trustees of the 16th section, etc., $667.64, money belonging to said section. That at the same time she executed to the president of the board and his successors in office, her note under seal for said sum, payable on the 1st of January, 1868, with interest at 10 per cent. per annum; that the note expressed upon its face that it was given for the purchase money of certain land; that at the same time said Jane F. executed to said president a deed which purports upon its face to be an absolute conveyance in fee simple with warranty of title; that the deed was in fact intended as a mortgage to secure the payment of the note under seal; that said note and deed came to the hands of the board of school directors as successors of the board of trustees; that said Avery was superintendent, etc.; that only a part of said note was paid, and that balance remains due and unpaid; that said Jane F. was sued on the note, judgment obtained, execution issued and returned no property found; that Jane F. is totally insolvent, etc.; that before said judgment was obtained, said Jane F., in consideration of a debt she owed appellee, B. F. Priddy, executed to said Priddy a

warranty deed to said land; that although the deed to said presi-
dent was never recorded, the said Priddy, before and at the time
of the said conveyance to him by the said Jane F., well knew
that said mortgage had been executed to said president, and that
the said debt the said mortgage was made to secure, had never
been paid; that said deed from said Jane F., to said Priddy was
made to defeat said mortgage.   The bill prays for summons for a
sale of the land and for general relief.

To the bill a demurrer was filed, assigning the following causes
of demurrer:

1. That complainant does not show equitable title to the instru-
ments filed with the bill in exhibits A. and B.

2. That complainant does not show that he is entitled to main-
tain his bill because the contract between defendant, Jane F., and
the board of trustees, was not authorized by law, and therefore
void.

3. Substantially the same as 2d and 4th.   That the facts alleged
in the bill do not operate as notice to defendant, Priddy, of the
existence of the mortgage executed by said Jane F. Davis to said
president.

Upon the hearing this demurrer was sustained, and appellant
declining to amend on permission of the court to amend, the bill
was dismissed, from which decree an appeal was taken to this
court, and the following assigned as error:

1. The court below erred in sustaining the demurrer of appel-
lees and in dismissing the bill.

*Fitzgerald & Marshall,* for appellant, contended:

1. That although the statute did not, in terms, authorize the
taking of a mortgage to secure a loan of school funds, yet it did
not render void a mortgage so taken.   Lindsey et al v. Marshall,
12 S. & M., 587; Hutch. Code, p. 218, sec. 4; Angell & Ames on
Corp., §§ 253, 254, 263; Haynes v. Covington et al., 13 S. & M., 408.

2. That the loaning of the fund upon other security than that
allowed by the statute, was a misapplication of the fund for

which the trustees would be personally liable, and for which they might have been deprived of their franchises, but did not vitiate the mortgage taken for the loan.

3. That the board of school trustees were not necessary parties to the bill for foreclosure because the title to the property was taken in their fiduciary capacity as manifested by the terms of the deed.

*Shelton & Shelton,* for appellee:

The writings show a sale by Mrs. Davis to Roan, supt., and the purchase money paid by him to her, and her bond to him reciting a verbal sale by him to her for the amount of that bond; he retained the title.. The bill charges that the whole arrangement was security for a debt:

1. The security must be enforced according to the writings; they are the exponents of the agreement. These make Roan a vendor, Mrs. Davis vendee, by verbal agreement, Mrs. Davis' bond only showing the terms of the parol agreement, Roan holding the the legal title. The remedy must be according to the written terms in Mrs. Davis' bond.

2. Upon such security, Roan's remedy, as vendor, was by bill for specific performance of the executory agreement shown by Mrs. Davis' bond. Upon that remedy, he must have tendered a title, so that when she paid her money she would get title, the whole agreement would thereby have been executed, not *one side of it only.* 4 S. & M., 294; 6 J. C. R., 409; 2 S. & M., 590.

3. The foregoing principles are specially applicable to this case, because Roan holds the title and is not a party to the suit, the complainant cannot make title, and Mrs. Davis has no writing from Roan, and against him, is without remedy.

4. Complainant must, by his bill, show readiness and ability to have the contract executed by giving Mrs. Davis title before he can compel defendants to pay the money; if complainant thinks this can be done, it is for him to make the necessary parties with proper allegations, so that when the court requires defendant to

pay the money, it shall also decree conveyance of title to them in due and proper manner.   9 S. & M., 244; 7 S. & M., 268; 2 Wheat. R , 336 ; 12 Vesey, Jr., 425 ; 33 Miss., 269.

5. The court, by its decree sustaining the demurrer, gave complainant leave to amend his bill, which complainant *refused to do*, and thereupon the bill was dismissed.   If the demurrer was properly sustained, the court, on complainant's refusal to amend, could not do otherwise than dismiss the bill.

SIMRALL, J., delivered the opinion of the court.

This is a suit in equity to enforce an absolute deed conveying land, as a mortgage to secure a debt for money borrowed by Jane F. Davis from the trustees of the schools for the township.

The bill, with distinctness, avers the loan of the money, the execution of the bond for its repayment, and the execution of the deed purporting to convey the quarter section of the land therein described to the president of the trustees, absolutely.   But the intention was that the conveyance should operate as a mortgage security for the debt.

It is well settled, that an absolute deed will be held to be valid and effectual as a mortgage, if it clearly appear that it was designed as a security for money, and such may be shown to be the intention and effect of the deed, by a contemporaneous or subsequent writing, or by agreement resting in parol.   Prewett v. Dobbs, 13 S. & M., 440 ; Anding v. Davis, 38 Miss. Rep., 594 ; Vasser v. Vasser, 23 Miss. Rep., 378.

But the objection most strenuously urged to the relief sought is, that the trustees were only authorized by the statute to loan on promissory notes, with good personal sureties; and since they have transcended their power, the mortgage is inoperative.   Hut. Code, 214.

A loan of the school fund upon mortgage, or other security than that named in the statute, would have been a misapplication of the fund, for which the trustees would have been person-

ally liable. Lindsay v. Marshall, 12 S. & M., 590. Whilst this is so, it does not necessarily follow that the borrower can set up, as ground to defeat the security, that the statute did not allow a loan upon any other than personal security.

These township school trustees were a *quasi* corporation, charged with the duty of managing the funds, and keeping up schools, with the interest arising upon loans. There was a loan irregularly made. The power to loan is conferred; the mode is regulated. If a corporation make a contract altogether outside of the purposes of its creation, it is void, because it has not power over the subject in reference to which it acted. But if it contracts with reference to a subject within its powers, but in so doing exceeds them, the person with whom it deals cannot set up such violation of its franchises to avoid the contract. Haynes v. Covington, 13 S. & M., 411, and cases there cited. It might be ground for the resumption of its franchises by the state.

The adjudged cases support this view of the law. The charter of the Bank of South Carolina directed that loans upon long time should be secured by mortgage. But a bond with sureties for such a loan was held to be binding. Bank of S. C. v. Hammond, 1 Rich., 281. The charter of a savings institution required that its funds should be vested in or loaned on public stocks or private mortgages, and when so loaned, a sufficient bond or other personal security should be taken from the borrower, it was held, that a promissory note without other security was not for that reason invalid. Mott v. U. S. Trust Co., 19 Barb., 568; U. S. Trust Co. v. Brady, 20 Barb., 119.

So also when the charter prescribes what species of security shall be taken by a corporation of its officers or agents, for faithful performance of duty, a different sort of security from that prescribed may be enforced against the person who gave it. Bank of Northern Liberties v. Cresson, 12 S. & R., 306.

We think therefore, that the defendant cannot set up the irregularity of the loan and security, to defeat the relief sought by the

bill. The policy of the statute directing the sort of security to be taken was, to preserve the fund for the charitable use to which it was devoted. If the trustees, from ignorance or design, loan upon different security, and such security should be held void, it would defeat the object of the legislature, which was to protect the interest of the beneficiaries. In that class of cases where the contract has been declared void, the law has by words, or plain intendment, prohibited it or affixed that consequence to it.

Nothing of that sort is in this statute.

This suit should be regarded with the same leniency as if the beneficiaries were complainants, seeking to recover their funds invested on mortgage. Vernon v. Board Police, 47 Miss., 188.

But the statute does not make void or illegal a mortgage or other security, for a loan of the school funds.

If the loan had been made without any sort of security, would the borrower plead that he had failed to give personal security; or if, in addition to the personal security, he had made a mortgage as cumulative indemnity, could he resist a foreclosure because the statute did not expressly authorize? On this point it was said by the court, in The Bank, etc. v. Cresson, 12 S. & R., 314, that when the statute gives a particular form, and makes it the duty of the officers to take a bond in that form, and a different security is given, if there is no provision in the statute declaring it to be void, it is a valid obligation at the common law.

But it is also insisted that by a comparison of the note or bond of Jane F. Davis with the deed, which are made exhibits to the bill, a proper inference would be that Jane F. Davis was to buy back the land, and the only remedy of the complainant, if he had any at all, would be by an offer to convey, and demand of Jane F. Davis of the money, and then file a bill on that state of facts. It is further urged, that that sort of relief could not be granted in this suit.

The demurrer admits all the allegations of fact well stated in the bill, and we cannot go outside of the bill to borrow aid from exhibits. The bill, if true, entitles the complainant to relief.

The averment is, that defendant, Priddy, accepted the convey-ance from Jane F. Davis, with knowledge of the prior unrecorded mortgage. If that be so, he occupies no better position than his vendor.

It was errror to sustain the demurrer and dismiss the bill.

Decree reversed, demurrer overruled, and cause remanded, with leave to defendants to answer in fifty days from this date.