No. 5007.

CHARLES DONNELLY *v.* ST. JOHN'S PROTESTANT EPISCOPAL CHURCH.

The objection to the testimony of a witness on the ground that it could not be introduced to establish a fact which could only be shown by the minutes themselves of a corporation, was not well taken. It has been determined that the neglect, incompetence, not to say dishonesty of a corporation in making up its minutes, can not exclude an interested third party from proving the truth by parol.

In this instance it is clear that the act of executing the note sued upon was ratified by the vestry, and it is unimportant whether, at the time of executing it, the persons who did so had a special authorization or not.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. Rice & Whitaker,* for plaintiff and appellee. *James Brewer, Lacey & Butler,* for defendant and appellee.

TALIAFERRO, J. This suit is brought on a promissory note for $800 dated tenth of August, 1872, payable six months after date to James McCloskey or order, with eight per cent. interest from date, being drawn by the senior warden and junior warden of the church, and purports to have been given "for material and labor furnished in the erection of said church." The plaintiff alleges that he is the owner and holder of this note, under the indorsement of the payee. He prays judgment for the amount of the note with recognition of the builder's privilege on the church building and the lots of ground upon which it stands, according to the provisions of law.

Payment of this note is resisted on the ground that William C. McCracken and George J. Vincent, the wardens who executed it, were

without power or authority to draw promissory notes, or in any manner to bind the defendant. The defendant further pleads failure and want of consideration, of which the plaintiff was notified before he became the owner and holder of the note. The plaintiff had judgment as prayed for and the defendant has appealed.

The plaintiff contends that the wardens who signed the notes were appointed a building committee by the vestry, and superintended the matter of the building it was determined by them to erect. That the building committee were charged solely with the power of contracting for the work, and had impliedly the right to execute the note to effect the object for which they were appointed. He refers to 19 An. 203, where it is said that "even without a specific power the agent can bind his principal by drawing bills and signing notes when it is necessary to raise funds to carry into effect the main object of the agency." The original minutes of the vestry of the St. John's Church, as contained in a bound book, are in evidence. The minutes show that a committee called "the building committee" was appointed, consisting, as it appears, of three persons, the two who signed the note and another who took but little concern in the business; the parties who signed the note were the active business men of the committee. A report was presented to the vestry giving a full account of the proceedings of the committee, and detailing the circumstances under which they had given the note for $800. A difficulty had arisen with the builder who had undertaken the work, and in renewing the contract, or in making some modification of it, they found it necessary to execute the note. One of these committee men was on the stand as a witness. He swore that the report of the committee was adopted. His testimony was objected to on the ground that parol evidence could not be introduced to establish a fact which could only be shown by the minutes themselves, and a bill of exceptions was reserved.

We think the testimony was properly admitted. It has been determined that the neglect, incompetence, not to say dishonesty of a corporation in making up its minutes, can not exclude an interested third party from proving the truth by parol. 11 An. 649; 2 An. 939. In this case it would seem to appear incidentally by the minutes that the report was adopted. In some remarks made by the rector he said: "As the vestry has accepted the report, and as the resignations of the committee as wardens was embodied in the report, it was necessary to fill their vacancies." It seems clear that the act of executing the note was ratified by the vestry, and it is unimportant whether at the time of executing it they had a special authorization or not.

We think the decree of the lower court correct.

Judgment affirmed.