THE FARMERS & MECHANICS' SAVINGS COMPANY, OF SPRINGFIELD, MISSOURI, Respondent, v. F. W. MCCABE *et al.*, Appellants.

St. Louis Court of Appeals, February 15, 1898.

Building and Loan Associations: LOAN ON PERSONAL SECURITY: STATUTORY CONSTRUCTION. Section 2811, Revised Statutes 1889, providing that no loans shall be made by building and loan associations to members, or others, on personal security, is merely a limitation on their corporate powers; it does not declare such loans void.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*Charles J. Wright, Samp. Jennings* and *N. Gibbs.* for appellants.

The bond is prohibited by statute, and void. R. S. 1889, sec. 2811. See, also, *Downing v. Ringer*, 7 Mo. 585; *Friend v. Porter*, 50 Mo. App. 89, 92; *Mason v. Pitt*, 21 *Id*. 391, 393; *State ex rel. v. Dallas Co. Ct.*, 72 Mo. 329; *Rollins v. McIntire*, 87 *Id*. 496, 505; *Sprague v. Rooney*, 104 *Id*. 349; 2 Kent, Com. [12 Ed.] 466; *Crocker v. Whitney;* 71 N. Y. 170; *Fowler v. Scully*, 72 Pa. St. 456, 467; Bish. on Contracts [1887 Ed.], sec. 471; *Tyler v. Larimore*, 19 Mo. App. 458; *Glassburn v. Deer*, 41 N. E. Rep. 382; *McNulta v. Bank*, 45 *Id*. 961; *Lumber Co. v. Thomas*, 22 S. W. Rep. 745; *Melchoir v. McCarty*, 31 Wis. 252.

The doctrine that only the government may complain of violation of the law does not obtain herein. *Dairy Co. v. Mooney*, 41 Mo. App. 665; *Bank v. Butler*, 157 Mass. 548.

*T. J. Delaney* for respondent.

Even if the loan were made on personal security only, section 2811, Revised Statutes 1889, does not declare such a contract void; it affixes no penalty, and does not, either in express terms, or by a fair implication, invalidate such loans. *Drug Co. v. Robinson*, 81 Mo. 18, and citations; *Welsh v. Brewing Co.*, 47 Mo. App. 602; *Bank v. Porter*, 52 *Id*. 244.

The law invoked by defendants to defeat plaintiff was enacted for the protection of plaintiff and the stockholders; and when a law is enacted to protect one party to a contract, it will not allow the other party to assert his own violation of law, in the very transaction, to defeat a recovery against him. *Leste v. Bank*, 33 Md. 558; Greenh. on Pub. Pol., p. 537; *Ins. Co. v.*

*Hauck*, 71 Mo. 469; *Thornton v. Bank, Id.* 221; *Bank v. Matthews*, 98 U. S. 629.

At most the loan in this case was irregularly made; and where a corporation contracts with reference to a subject within its powers, but in so doing exceeds such powers, the person with whom it deals can not set up such violation to avoid the contract. *Littlewort v. Davis*, 50 Miss. 403; *Lindsey v. Marshall*, 12 Smedes & M. 590; *Fleckner v. Bank*, 8 Wheat. 353; *Bank v. North*, 4 Johns., ch. 370; *Bank v. Hammond*, 1 Rich, 281; *Bank v. Cresson*, 12 Serg. & R. 306; *Mott v. Trust Co.*, 19 Barb. 568; *Welsh v. Brewing Co.*, 47 Mo. App. 608; *Glass v. Brewing Co., Id.* 639; *Lysaght v. O. S. Ass'n*, 55 *Id.* 539; *Grohmann v. Brown*, 68 *Id.* 630.

BIGGS, J.—The plaintiff is a corporation organized as a building and loan association. (R. S. 1889, ch. 42, art. 9.) In June, 1895, the plaintiff loaned to the defendants, F. W. McCabe, G. W. Noble and Ella Noble (who were stockholders of the association) $3,000, for which they executed and delivered to the plaintiff their promissory note. The note was to be satisfied by the payment of sixty monthly instalments of $60 each. To secure the note the makers executed a deed of trust on certain real estate. Contemporaneous with the delivery of the note and deed of trust and as a part of the same transaction and for the purpose of furnishing other and additional security for the payment of the note, the payors therein, together with their codefendants James A. and T. J. Miller, as sureties, entered into a bond in the penal sum of $3,000. The bond contained the following conditions: "That if the principals aforesaid shall well and truly pay said note hereinbefore described according to its tenor, then said bond and obligation to be void; but if the

said principals should fail, neglect or refuse to pay said note according to its tenor, then said bond to remain in full force and effect.'' It was also made a condition in the bond that if default was made in the payment of any one or more of the instalments, the entire note became due and payable at the option of the plaintiff. The present action is on the bond. After alleging the foregoing facts, it is averred in the amended petition that the monthly instalments on the note, which were then due and unpaid, amounted to $738; that the real estate conveyed by the deed of trust had been sold and the proceeds of the sale had been credited on the note, and that at the date of the filing of the amended petition there was a balance due on the note of $2,493.10, for which the plaintiff asked judgment.

The plaintiff also tendered the note for cancellation. The defendants interposed a general demurrer, which the circuit court overruled. They refused to plead further and final judgment having been entered they appealed to this court.

The contention of the defendants is that the bond sued on is absolutely void for the reason that the statute prohibits the plaintiff from accepting personal security for a loan. This contention must depend upon the construction of section 2811 of the statute under which the plaintiff is organized. The section reads as follows:

BUILDING and loan associations: loan on personal security: statutory construction.

''Every such corporation shall only lend its funds *on real estate security, or on the security of its own shares of stock,* such loans being made upon the terms and conditions and in the manner which shall be specified by its by-laws. No loans shall be made on shares of stock to an amount exceeding the instalments actually paid on such shares.''

"Such corporation may, however, employ a portion of its capital stock in the purchase of real estate and the erection of buildings thereon for rent or otherwise. If at any time it shall happen that there is no demand by the shareholders for the funds of such corporation, then such funds may be loaned to others who are not shareholders, at such rate of interest as the directors may fix. No loans shall be made to members or others *on personal security or on leasehold.*" (The italics are ours.) The rule established by the more recent decisions is that although a contract of a corporation is *ultra vires,* yet if it has been fully performed by either of the contracting parties, it will be enforced unless the corporation is expressly or by necessary implication absolutely prohibited from entering into it. *Bank v. Mathews,* 98 U. S. 621; *Gold Mining Co. v. Bank,* 96 U. S. 640; *Harris v. Rennels,* 12 How. (U. S.) 79; *Bank v. North,* 4 John. 370; *McNulta v. Bank,* 45 N. E. Rep. (Ill.) *loc. cit.* 961; *Littleworth v. Davis,* 50 Miss. 403; *Northern Liberties v. Cresson,* 12 S. & R. 306; *Grohmann v. Brown,* 68 Mo. App. *loc. cit.* 636; *Winscott v. Investment Co.,* 63 Mo. App. 369; *Welsh v. Ferd Heim Brew. Co.,* 47 Mo. App. *loc. cit.* 618.

It is sometimes difficult to tell whether the words in the charter of a corporation are intended to create a prohibition or a limitation merely. In the present case if it was the purpose of the legislature to absolutely prohibit the officers of building and loan associations from taking personal security for loans, then the bond in suit can not be made the foundation of an action. This intention, however, must be manifest or clear.

But on the other hand, if the requirement to take real security was directory only, then the statute created a limitation, and the taking of personal security would be regarded only as an excessive or undue exercise of corporate powers. Now, what was the object of the

statute? Evidently the legislators were of the opinion that the interests of stockholders in building and loan associations would be best subserved by requiring loans to be made on real estate security or upon the shares of the association itself, and for the purpose of inaugurating this general policy the law was enacted. There is a sound reason for this. · The loans of such associations are on long time and real estate is universally regarded as affording much safer and better security in such cases. The taking of personal security only for such a loan would undoubtedly furnish ground for a forfeiture of the charter of the association, but it certainly was not the intention to make the taking of such security an absolute nullity. No reason can be given for any such construction, and if such had been the intention it seems to us that the legislature would have said so in plain terms, and not left it a question for legislation and judicial construction.

In the case of *Bank v. Mathews, supra,* the defendant resisted the foreclosure of a mortgage of real estate upon the ground that the national banking law prohibited the plaintiff from accepting real estate as security for a loan. The court disallowed the defense, holding that the intention to render the act void must be clear, and that as the statute did not expressly declare the security to be void, the presumption was that congress did not so intend.

In *Gold Mining Co. v. Bank, supra,* the plaintiff in error was sued on an overdraft. It defended on the ground that the loan was greater than the national banking law allowed the bank to make to a single individual. This defense was likewise disallowed.

In the case of *Littleworth v. Davis, supra,* the trustees of a school loaned school money on real estate security. The statutes of Mississippi expressly provided that such loans should be made on personal secur-

ity *only*. The action was to forclose the mortgage. The defense was that the trustees had transcended their authority, which it was claimed rendered the mortgage void. In disposing of the case the supreme court said: "There was a loan irregularly made. The power to loan is conferred; the mode is regulated. If a corporation make a contract altogether outside of the purpose of its creation it is void because it had not power over the subject in reference to which it acted. But if it contracts with reference to a subject within its powers, but in doing so exceeds them, the person with whom it deals can not set up such violation of its franchises to avoid the contract."

In the case of *Bank v. Hammond, supra*, the charter of the bank provided that loans should be secured by mortgage.

Held that personal security taken on a loan of the bank would be enforced.

It is useless to multiply authorities. The decisions are uniform in holding that any kind of security which has been taken to secure a *bona fide* debt will be enforced, unless it is manifest that the legislature intended to render the transaction void. The strong disposition of the courts is to hold parties to their contracts.

Our conclusion is that the circuit court did right in overruling the demurrer. The judgment will therefore be affirmed. All the judges concur.