LAND, J.
Plaintiff instituted a petitory suit to recover two lots in Hall City, parish of Beauregard, alleged to be in the possession of the defendants, and coupled with the action a demand for the cancellation of a certain special mortgage upon said property purporting to have been executed in 1909, by the Louisiana Manufacturing & Mercantile Company in favor of the defendant Cochran.
Plaintiff claimed title from the said company by virtue of a purchase at sheriff’s sale made in June, 1911. Defendants did not dispute plaintiff’s title, but averred the validity of the said special mortgage and prayed for its recognition and enforcement.
The petition alleged that said mortgage was null and void,' and should be canceled from the records, because “no resolution of the board of directors of said corporation was passed authorizing its execution.”
Over the objections of the plaintiff, the trial judge permitted the defendants to prove by parol that the mortgage was authorized at a formal meeting of the board of directors, but through oversight of the secretary was not entered on the minutes.
There was judgment in the district court in favor of the plaintiff on the. issues of title and revenues, but its demand for the cancellation of the mortgage was rejected; and there was judgment in favor of the defendant Cochran, recognizing the validity of the mortgage, and ordering its enforcement.
The Court of Appeal held that parol evidence is not admissible to show the adoption of a resolution by the board of directors of a • corporation, authorizing its president to mortgage its real estate, where such resolution was not entered on the minutes, and therefore reversed the judgment in favor of the defendants, and decreed the act of mortgage to be null and void.
The case comes before us on a writ of review granted on the application of the defendants. We shall first review the authorities cited by the defendants:
Prothro v. Minden Seminary, 2 La. Ann. 939: The resolution was written by the secretary on a loose slip of paper, which was lost, and never inscribed on the book of minutes. The court treated the case as that of a lost writing.
Railroad Co. v. Ouachita, 11 La. Ann. 652: Parol evidence held admissible to prove that a police jury ordinance was not adopted by a majority of the members elect. The minutes stated that the ordinance was adopted, but did not give the yeas and nays.
Kilgore v. Willis, 26 La. Ann. 665: Authorization of president.of a manufacturing corporation to confess judgment may be shown by parol.
Donnelly v. Church, 26 La. Ann. 738: Authority of wardens to execute a note may be shown by parol, or by evidence tending to show ratification by the vestry. The court said, in part:
“It has been determined that the neglect, incompetence, not to say dishonesty, of a corporation in making up its minutes, cannot exclude an interested third party from proving the truth by parol. [Vicksburg S. & F. R. Co. v. Ouachita] 11 La. Ann. 649; [Prothro v. Alinden Seminary] 2 La. Ann. 939.”
Boggs v. Lakeport Agricultural Park Association, 111 Cal. 354, 43 Pac. 1106: In this, as in the Prothro Case, supra, minutes of the proceedings were made on slips of paper, which were afterwards lost; and it was held that parol evidence was admissible, in an action against the corporation to fore *929 close the mortgage, to show the proceedings of the board authorizing and ratifying the execution of said mortgage, and it was not limited to showing merely the contents of the lost minutes.
Allis v. Jones (C. C.) 45 Fed. 148: Bill to annul mortgages alleged to be void because not authorized by board of directors. Caldwell, J., said:
“Parol evidence is admissible to prove the action of the board of directors or stockholders where the record fails to state it.”
Township v. Koehler, 85 Mich. 22: Suit to recover value of iron furnished for bridge:
“It has, however, frequently been held that, while parol evidence could not be admitted to contradict the record, yet that it might be introduced to show facts omitted to be stated; that the rights of creditors or third persons cannot be prejudiced by the neglect of the clei;k to perform his duty in this respect.”
Defendants cite other authorities along the same line, among them 10 Oyc. 1198, to the effect that even the authority to execute so important an instrument as a mortgage need not be shown by any formal resolution of the board of directors; that if the officers execute the instrument with the knowledge or concurrence of the directors, or with their acquiescence, it will be regarded as the act of the corporation; and that a corporate vote authorizing the execution of a mortgage is not like an ordinary power of attorney to convey land.
The evidence in the case before us shows that all the directors voted for and authorized the mortgage in question, and its validity has been disputed by no one except the plaintiff, who purchased the lots in question, subject to this recorded mortgage.
The Court of Appeal, in a very brief opinion, concluded that parol evidence was inadmissible to show the action of the directors in the premises. That court reasoned that an agency to alienate real property must be in writing, that a conventional mortgage is a species of alienation, and that therefore an agency to mortgage cannot be proved by parol.
This may be true as a general proposition, but whether the principle applies to the case at bar is another question. Corporations differ widely from individuals in their modes of action. The president of a corporation does not occupy the position of an agent acting under a power of attorney, but by virtue of his office is the executive of the corporation, and in case of sales or mortgages of real estate his authority to act is conferred by resolution of the board of directors. In the instant case the president’s power to mortgage was conferred by a resolution of the board of directors, and the mortgage was executed pursuant to the resolution. Did the subsequent failure of the secretary to enter the resolution in the minute book nullify the action of the board of directors? It certainly did not, as the entry could have been made at any time subsequent to the action of the board. The line of cases cited supra hold that omissions from the corporate records may be supplied by parol evidence. The rule has been tersely stated as follows:
“Where an antecedent authorization by the board of directors is necessary to the making of a given contract, their failure to enter their resolution of record does not affect its validity, but the fact may be proved by parol; and the rule is the same where the contract does not recite the previous authorization.” 10 Cyc. 1001.
Plaintiff purchased the lots, subject to the mortgage, at sheriff’s sale, and acquired nothing beyond the right and claims of the corporation. Code of Practice, art. 690.
As there is no law in this state requiring powers of attorney or resolutions of board of directors to be recorded, there is no question of registry involved.
It is therefore ordered that the judgment of the Court of Appeal herein be annulled, avoided, and reversed, and it is now ordered *931 that the judgment of the district court herein be affirmed; plaintiff to pay costs in both appellate courts.
O’NIELL, J., dissents.