New Orleans & N. E. R. Co. *v.* Jemison.*

(Division A.  Dec. 13, 1926.  Suggestion of Error Overruled Jan. 10, 1927.)

[110 So. 785.  No. 26018.]

Corporations.  *Corporation's ultra vires contract may not be repudiated by person sued thereon after accepting benefit thereof.*

A private person, who has accepted the benefit of a corporation's ultra vires contract, may not repudiate the contract, when sued thereon.

*Corpus Juris-Cyc. References: Corporation 14aC. J., p. 322, n. 92; p. 324, n. 1; p. 330, n. 29.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by the New Orleans & Northeastern Railroad Company against Mrs. S. C. Jemison. From a judgment sustaining a demurrer to the declaration, and dismissing the action, plaintiff appeals. Reversed and remanded.

*Stevens & Heidelberg,* for appellant.

There is nothing in the declaration in this case to show whether or not the plaintiff did or did not have the right granted to it in its charter to enter into a contract of this kind. The declaration merely charged that the plaintiff was a corporation. What its charter powers are, is not disclosed by the declaration; and, therefore, the defense of *ultra vires,* if it be a defense, cannot be raised by demurrer, but the facts must be pleaded by the defendant. *Cox* v. *Weed Machine Co.,* 57 Miss. 350.

The defendant cannot accept benefits of the contract and then plead that it is *ultra vires.* The declaration shows that the contract was an executed one. The service which the railroad company agreed to perform had already been performed by the railroad company. The defendant had received the benefit of this service, and she is not now in a position to contend that the company was without power under its charter to do the thing the benefits of which she has already received. *Bath Gas Light Co.* v. *Claffy,* 151 N. Y. 24, 36 L. R. A. 664; *Whitney Arms Co.* v. *Barlow,* 63 N. Y. 62, 20 Am. Rep. 504; *Union Nat'l Bank* v. *Mathews,* 25 L. Ed. 188; *Watts Mercantile Co.* v. *Buchanan,* 46 So. 66, 92 Miss. 540.

So even if it were conceded that the contract in question was beyond the charter power of the corporation, still the defendant having received the benefits of the contract cannot now question its validity.

If the contract in question were an *ultra vires* contract, only the state could complain. *Peoples Bank* v.

*Lamar County Bank,* 67 So. 961; 107 Miss. 852; *Nat'l Bank* v. *Whitney,* 26 L. Ed. 443.

The judgment of the lower court should be reversed.

*Currie & Currie,* for appellee.

The appellee maintains that the contract is *ultra vires* and that it plainly so appears upon the face of the declaration. In determining the question whether such lease is *ultra vires* the court will not take into consideration the least which could be done under it to impair the ability of the railroad company to conduct the railroad, but the very uttermost which could happen under the lease to impair its ability to successfully operate the same.

The appellant contends in its brief, however, that if the contract is *ultra vires* in fact, that the facts making it so are not disclosed by the declaration, and that, therefore the defense of *ultra vires* could be raised by plea only. The facts rendering this contract *ultra vires* stand out on the face of this declaration like mountain peaks. It is the settled law and policy of this state that a railroad company is authorized by its charter to conduct a railroad only.

Read the paragraph of the lease whereon this suit is based and whereunder the demand for the payment of five per cent commission is made, which paragraph of the lease itself is substantially admitted by the railroad company in its own language in the lease to be illegal and void, and is manifestly so upon its face, since in it the railroad company undertakes to do a thing which is utterly foreign to any power which it has under the law of this state, as a railroad company, and a business in which it cannot engage for profit or hire without first paying the license required of any and all other persons engaged in the business of collecting and paying over money and charging for their services. Money brokers, money exchangers, collecting agencies, commercial agen-

cies, information bureaus are all required to pay licenses for the privilege of engaging in such business for hire or profit. The whole illegality of this paragraph of the lease appears right in this paragraph of the lease itself. *Chicago, etc., R. R.* v. *R. R. Co.*, 47 Fed. 15; *Pa.* v. *Commonwealth,* 19 Pa. St. 144; 12 Putney Law Library, page 203, section 42, entitled "Pleading and Proof of Foreign Laws"

To the point that the contract sued upon in this case is *ultra vires,* we cite the case of *Samuel Pearce* v. *M. & I. R. R. Co.,* U. S. Sup. Ct. Rep. Book 16 (L. Ed.) 184, in which the case of *McGregor* v *The Official Manager of the Deal and Dover Ry Co.,* 16 Eng. L. & Eq. 180, is cited.

The third contention of the appellant is that "the defendant could not accept the benefits of the contract and then plead it was *ultra vires.*" The appellee combats that proposition with the following authorities: *O'Brien* v. *Wheelock,* 184 U. S. 450, 490, 22 Sup. Ct. 354, 46 U. S. L. Ed. 636; *Anglo-Am. Land Mort. & Agency Co.* v. *Lombard,* 132 Fed. 721, 68 C. C. A. 89; *Traders' M. L. Ins. Co.* v. *Humphrey,* 207 Ill. 540, 69 N. E. 875; *Converse* v. *Talcott & Co.,* 242 Ill. 619, 90 N. E. 269; *Sherwood* v. *Alvis,* 83 Ala. 115; *Smith* v. *Ala. Life Ins. Co.,* 4 Ala. 558; *City Council* v. *M. & W. Plankroad Co.,* 31 Ala. 76; *Waddill* v. *A. & T. R. R. Co.,* 35 Ala. 323; *Grand Lodge of Ala.* v. *Waddill,* 36 Ala. 313; *Chambers* v. *Falkner,* 65 Ala. 448; *Wilks* v. *Ga. Pac. R. R. Co.,* 79 Ala. 180; *Westinghouse Machine Co.* v. *Wilkinson,* 79 Ala. 312; *Elevator Co.* v. *Memphis & C. R. R. Co.,* 85 Tenn. 703; *Davis* v. *Old Colony R. R. Co.,* 131 Mass. 358.

The appellant maintains that the defense of *ultra vires* cannot be made by demurrer, but must be specially pleaded. The appellee, on the contrary, contends that it clearly appears upon the face of the declaration and the exhibit that the contract sued upon is *ultra vires* and that the defense may be properly raised by demurrer. Any defect or defense which appears upon the face of

the pleading may be taken advantage of, under our system of practice, by demurrer.

The benefit of the statute of frauds may be had by demurrer where it affirmatively appears from the bill or complaint that the agreement relied on is within such statute. *Wilke* v. *Miller,* 171 Ill. 556; *Speyer* v. *Desjardins,* 144 Ill. 641; *Hamilton* v. *Downer,* 152 Ill. 651; *Dicken* v. *M\cKinley,* 163 Ill. 318.

The statute of limitations may be taken advantage of by demurrer where the face of the bill discloses that it has run. *Winsor Coal Co.* v. *Chicago, & A. R. R. Co.,* 62 Fed. 716; *Pass* v. *Pass,* 98 Ga. 791; *Fulton* v. *Northern Ill. College,* 158 Ill. 33; *Best* v. *Zutavern,* 53 Neb. 604.

Laches appearing on the face of a bill may be taken advantage of by demurrer. *Merrill* v. *Monticello,* 66 Fed. 165. A patent manifestly invalid on its face may be so declared upon demurrer. *Covert* v. *Travers Bros. Co.,* 70 Fed. 788; *Richards* v. *Chase Elevator Co.,* 158 U. S. 299, 39 L. Ed. 991.

It has been expressly held by this court in *John Bacon et al.* v. *Miss. Ins. Co.,* 31 Miss. 116, that "A corporation can make no contract which is not expressly authorized by its charter, or necessarily incident to the purposes of its creation." And the court held that the contract was void and that no suit could be maintained upon it and dismissed the bill. *Watts Mercantile Co.* v. *Buchanan,* 46 So. 66, 92 Miss. 540, is not an authority in point.

Smith, C. J., delivered the opinion of the court.

The appellant, a Louisiana corporation, operating in Mississippi, sued the appellee on a contract, and from a judgment sustaining a demurrer to its declaration, and dismissing the suit, has brought the case to this court.

The ground of the demurrer is that the contract sued on is void, for the reason that the appellant was without power to enter into it. The contract, a copy of which is an exhibit to the declaration, is for a lease by the appel-

lant to the appellee of a small parcel of land adjoining
the appellant's right of way in Picayune, Miss.   The
lease contemplates the erection and operation of a board-
ing house on the land by the appellee, and provides that:

"The said lessee hereby obligates herself to furnish
meals and rooms to the employees of the said railroad
company in preference to other persons, and at rates to
be satisfactory to said railroad. This to apply as well to
the colored as to the white employees of the said rail-
road."

"The said railroad, in so far as it may legally, binds
itself to make stoppage on its pay rolls against its em-
ployees for lodging and meals furnished to the said em-
ployees by the lessee.   The lessee to pay the said rail-
road at the rate of five (5) per cent. for such deductions
as are made.   It being understood, however, that this
provision in regard to deductions is severable from the
remaining clauses of the contract, and that if, for any
reason, the same shall be or become illegal it may be ex-
punged without impairing the remaining portions of the
contract."

The declaration alleges that "from the period be-
ginning in May, 1915, and ending in January, 1924, it
[the plaintiff] deducted a total of fifty-nine thousand
four hundred ten dollars and sixty-five cents from the
wages of its employees, as aforesaid, and paid the same
over to the defendant herein, for which deductions the
defendant became liable unto the plaintiff from time to
time as they were made, for five (5) per cent. thereof,
under the terms of said written contract aforesaid, in
the total sum of two thousand nine hundred seventy dol-
lars and fifty-two cents," and prays for a judgment
therefor.   The declaration also alleges that the appellant
is a corporation, but no copy of its charter was filed as
an exhibit thereto.

The argument of counsel for the appellee, in effect,
is that the making of the contract here sued on is, to the
court's judicial knowledge, beyond the scope of powers

usually conferred on a railroad company, and, as no copy of the appellant's charter was filed with its declaration, the court must presume that the making of the contract was not authorized thereby, and that, consequently, the appellant was not authorized to enter into the contract, and cannot recover thereon. ˙

We pretermit any discussion of the preliminary questions raised by this contention, and come at once to the ultimate question thereby presented for decision, which is: When a contract with a corporation, which is merely *ultra vires* and not otherwise illegal, either because of its being expressly prohibited, or because of its being contrary to public policy, has been fully executed by one of the parties, so that the other party has received the consideration for his or its promises, either in money, property, or services, and the party on whose part the contract has been executed sues the other party thereon, can such party defeat a recovery by pleading that the contract is *ultra vires?*

There is much confusion in the authorities generally, and in the decisions of this court, and of its predecessor, the High Court of Errors and Appeals, particularly as to the effect of a corporation's *ultra vires* contract, and who can complain thereat, and, as said by Cook, in his work on Corporations, vol. 3, 8th Ed. section 668:

"The attempt to formulate general rules on this subject has only added to the confusion."

The rule that has been most frequently followed by this court and its predecessor is that laid down in *Commercial Bank* v. *Nolan,* 7 How. 533, but more definitely announced and applied in *Haynes* v. *Covington,* 13 Smedes & M. 408, and is:

"If a corporation make a contract entirely foreign to the purposes of its institution, the act is void, simply for want of power in reference to the subject-matter. . . . But where a corporation enters into a contract in reference to a subject embraced within the scope of its granted powers, but in so doing exceeds them, the con-

tract will not thereby be rendered void. It might constitute a ground for the resumption of its franchises by the state, but could not be objected to by the party sought to be charged."

Among the cases reannouncing the rule are *Bacon* v. *Insurance Co.*, 31 Miss. 116; *Littlewort* v. *Davis,* 50 Miss. 403; *Williams* v. *Creswell,* 51 Miss. 817. *Compare Nevitt* v. *Bank,* 6 Smedes & M, at pages 561 and 581, and *Grand Gulf Bank* v. *Archer,* 8 Smedes & M. 151. In *Greenville Compress & Warehouse Co.* v. *Planters' Compress & Warehouse Co.,* 70 Miss. 669, 13 So. 879, 35 Am. St. Rep. 681, it was said that, while no action will lie on a corporation's *ultra vires* contract, "by proceeding in the proper court the plaintiff may recover to the extent of the benefit received by the defendant from the execution of the agreement by the plaintiff."

The rule now recognized and enforced by this court, and which is in accord with the great weight of modern authority (14a C. J. 323 et seq.; 3 Fletcher's Cyclopædia on Corporations, 2639, et seq.; 3 Cook on Corporations [8th Ed.] section 681), is that announced and acted on in *Watts Mercantile Co.* v. *Buchanan,* 92 Miss. 540, 46 So. 66. In that case a corporation had purchased, and had executed a promissory note in payment of, shares of stock in another corporation, and, when sued on its note by the person from whom the shares were purchased, the corporation set up its want of power to purchase the shares of stock as a defense to the suit. It does not appear from a report of the case what powers the charter of the corporation conferred upon it, but a statute expressly prohibited any corporation from purchasing or owning shares of the capital stock of another corporation. The transaction there in question was, therefore, one expressly prohibited by law; but the court, as pointed out in Fletcher's Cyclopædia on Corporations, vol. 3, p. 2622, "treated the case as involving a merely *ultra vires* contract."

Two questions were there expressly decided: First, a corporation cannot accept the benefit of an *ultra vires* contract and repudiate it when·sued thereon; and, second, an action on the contract will lie. Compare *Board of Trustees* v. *Smith,* 58 Miss. 301, and *Fargason* v. *Mercantile Co.,* 78 Miss. 65, 27 So. 877. That case was followed in *People's Bank* v. *Lamar County Bank,* 107 Miss. 852, 66 So. 219, 67 So. 967, which case, however, deals, not with the right of recovery on an *ultra vires* contract, but with the right of a corporation to the use and benefit of property which it acquired contrary to law, and therefore is not strictly in point here. The only difference between the Watts Mercantile Co. case and the one at bar is that in the former a corporation which had accepted the benefit of an *ultra vires* contract attempted to repudiate the contract when sued thereon, while here a private person, who had accepted the benefit of a corporation's alleged *ultra vires* contract, now seeks to repudiate the contract when sued thereon, but the rule in each case is the same. 14a C. J. 330, and the legion of authorities there cited.

This rule was recognized in *Commercial Bank* v. *Nolan,* 7 How. at page 535, wherein the court, in disposing of a plea of *ultra vires* by a private individual to a contract made by him with a corporation, said:

"The contract on the part of the bank is executed, and the opposite party is secured in the enjoyment of the fruits beyond disturbance. How, then, can he object to the want of power?"

And again, in *National Surety Co.* v. *Hall-Miller Decorating Co.,* 104 Miss. at page 633, 61 So. 703, 46 L. R. A. (N. S.) 325, where this court cited, with approval, the statement by the supreme court·of the United States in *Ohio & M. R. R. Co.* v. *McCarthy,* 96 U. S. 258, 24 L. Ed. 693, that:

"The doctrine of *ultra vires,* when invoked for or against a corporation, should not be allowed to prevail,

where it would defeat the ends of justice, or work a legal wrong."

It follows from the foregoing views that the question herein presented for decision, and hereinbefore specifically set out, and to which all that is here said is limited, must be answered in the negative.

*Reversed and remanded.*