## FIRST NATIONAL BANK OF ALBUQUERQUE v. ALBRIGHT.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 123. Argued January 22, 1908.—Decided February 24, 1908.

A county treasurer accepting that part of the tax which a party assessed admits to be due is not thereby estopped to demand more.

Equity will not interfere to stop an assessing officer from performing his statutory duty for fear he may perform it wrongfully; the earliest moment is when an assessment has actually been made; and in this case held that the court would not, at the instance of a national bank, enjoin assessors in advance from making an assessment on a basis alleged to be threatened and which if made would be invalid under § 5219, Rev. Stat.

86 Pac. Rep. 548, affirmed.

THE facts are stated in the opinion.

*Mr. Alonzo B. McMillen* for appellant:

The right of the territorial legislature to impose taxes upon national banks is limited to two classes of property:

1. Shares of stock in the name of the shareholder, provided that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens, and that shares of non-residents shall be taxed in the city or town where the bank is located.

2. Real property of national banks to the same extent, according to its value, as other real property is taxed. *McCulloch* v. *Maryland*, 4 Wheat. 316; *Osborne* v. *Bank of the United States*, 9 Wheat. 738; *Mercantile Bank* v. *New York*, 121 U. S. 156; *Owensboro National Bank* v. *Owensboro*, 173 U. S. 664.

The Territory is without power to authorize the taxation of the personal property of a national bank, and therefore the taxing officers have no power to levy a tax thereon.

Under chapter 40 of the territorial laws of 1891, if the real

estate of a national bank be assessed, such assessed value should be deducted from the value of the shares of stock of the stockholders.

The threatened reassessment of the bank's real estate without making a corresponding deduction from the assessment of the shares of stock, constituted a cloud upon the title to the property of the bank which the court has power to remove by injunction directed to the taxing officers.

The adoption of the general rule announced by the assessor that he would tax the shares of stock in banks at a rate based upon a valuation of sixty per cent of their capital stock and surplus, is a clear violation of the provision of the national banking act that taxation of the shares of stock of a national bank shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens. *Whitbeck* v. *Mercantile Bank,* 127 U. S. 194.

The allegations of the complaint in this case show gross discrimination against bank stock as compared with all other property, which necessarily includes money in the hands of individuals. *Bank of Garnett* v. *Ayers,* 160 U. S. 660; *Aberdeen Bank* v. *Chehalis County,* 166 U. S. 440; *Bank of Commerce* v. *Seattle,* 166 U. S. 463, and *National Bank of Wellington* v. *Chapman,* 173 U. S. 219, are not in conflict with this contention. As to the extent and nature of the term "other moneyed capital," see *Mercantile National Bank* v. *New York,* 121 U. S. 155.

A discrimination forbidden by the national banking act is illegal whether it arises from a difference in the rate of assessment or from a difference in the valuation of the property, if the result is to make owners of shares of stock pay a greater tax than is imposed upon other moneyed capital in the hands of individuals. *People* v. *Weaver,* 100 U. S. 539; *Pelton* v. *National Bank,* 101 U. S. 143; *Boyer* v. *Boyer,* 113 U. S. 695.

The territorial court had jurisdiction to enjoin the illegal assessment complained of and should have done so, in view of the facts of this case. *Pelton* v. *National Bank,* 101 U. S.

143; *Cummings* v. *National Bank*, 101 U. S. 153; *Hills* v. *Exchange Bank*, 105 U. S. 319; *San Francisco National Bank* v. *Dodge*, 197 U. S. 75; *Stanley* v. *Supervisors of Albany*, 121 U. S. 550; *Union Pacific Ry.* v. *Cheyenne*, 113 U. S. 516; *Supervisors* v. *Stanley*, 105 U. S. 305; *Evansville Bank* v. *Briton*, 105 U. S. 322; 5 Pomeroy, Equity Jurisprudence, § 371; *Louisville Trust Co.* v. *Stone*, 107 Fed. Rep. 305; *S. C.*, 46 C. C. A. 299; *Taylor* v. *Louisville N. R. Co.*, 88 Fed. Rep. 350; *S. C.*, 31 C. C. A. 537.

If the allegations of the complaint are to be taken as true, the bank paid all the taxes that might be assessed against the shares of stock and real estate upon any theory, and no valid reassessment could be made.

*Mr. Frank W. Clancy*, for appellees, submitted:

There being no valid assessment, it was the duty of the assessor or collector to make one. *New Mexico* v. *U. S. Trust Co.*, 174 U. S. 549–551; *U. S. Trust Co.* v. *New Mexico*, 183 U. S. 539, 541; *U. S. Trust Co.* v. *Territory*, 10 N. M. 421, 422.

The mere fact that other property is assessed at a smaller percentage of its real value than the property of this plaintiff or any other special class of property, is not sufficient to invalidate the higher assessment. *Nickerson* v. *Kimball*, 1 N. B. C. 409; *Wagner* v. *Loomis*, 37 Ohio St. 580, 581; *Carroll* v. *Alsup*, 64 S. W. Rep. 199, 200.

The assessment makes no discrimination against national banks. The restriction imposed by Congress is equality of assessment not with other property generally, but with that property which passes under the description of moneyed capital. *Talbot* v. *Silver Bow*, 139 U. S. 447; *Mercantile Bank* v. *New York*, 121 U. S. 155.

It is not alleged by complainant that there is any other moneyed capital in New Mexico in favor of which there is any discrimination against national banks. Taking the complaint most strongly against the pleader there is no such discrimination, especially when it is alleged by the pleader that all banks, national or other, are treated alike.

·Congress has specifically authorized the taxation of the real estate of national banks. *Davidson* v. *New Orleans,* 96 U. S. 106; *Tennessee* v. *Whitworth,* 117 U. S. 136, 137; *New Orleans* v. *Houston,* 119 U. S. 277, 278.

No case of equitable jurisdiction is made out by the complaint in this case. It will be time for a court of equity to interpose when an assessment has actually been made and can be shown to offend in any. or all of the particulars mentioned in the complaint.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a complaint or bill against the Assessor, the Treasurer and *ex officio* Collector, and the District Attorney of the County of Bernalillo, New Mexico, to enjoin the reassessment of a tax on stock and real estate for the year 1903 upon the plaintiff bank, which the plaintiff is informed and believes the defendants will attempt. The bill alleges that the plaintiff gave the Assessor a list in which capital stock, surplus and real estate were lumped in a single item with a single valuation of $90,000. Thereupon the Assessor made a different valuation, lumping the capital stock and valuing it at sixty per cent of its par value, and giving separate figures for the surplus and the several parcels of real estate, the total being $150,542. This was affirmed by the Territorial Board of Equalization on appeal. Afterwards the plaintiff paid the amount admitted by it to be due, and was sued for the residue; but the suit was dismissed, the District Attorney giving out that a new assessment would be made. It is alleged that the Assessor, in 1903, announced as his method of valuation that all property except bank property and bank shares would be assessed at one-third of its real value, but that he would assess banks at sixty per cent of the capital stock and surplus in addition to their real estate; that he did as he announced, and also assessed the real estate without deducting the value "from the valuation of other property assessed against said banks." Beside the prayer for an in-

junction there is another that the Treasurer and *ex officio* Collector be ordered to cancel the above mentioned assessment upon his books. There was a demurrer, which was overruled below but sustained by the Supreme Court of the Territory with directions to dismiss the complaint.

The complaint admits that the plaintiff's return was not in accordance with the law, and the Supreme Court of the Territory says that both that and the assessment were bad, and that a reassessment is authorized by local law. We see no reason to reverse its decision upon that point. If a reassessment is made, that now on the Treasurer's books will be disposed of and will be no cloud upon the plaintiff's title, so that the whole question is whether a reassessment shall be made. The plaintiff's objection is not the technical one that no reassessment is authorized by statute, but the substantial apprehension that the shares will be taxed "at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens," contrary to the words of Rev. Stat. § 5219, and that the value of real estate separately assessed and taxed will not be deducted from the valuation of shares, as it is thought to be implied by that section and required by the territorial law of February 20, 1891, c. 40; Compiled Laws, 1897, § 259, that it should be.

We assume that such an assessment of shares as is apprehended would be invalid under Rev. Stat. § 5219. *First National Bank of Wellington* v. *Chapman*, 173 U. S. 205, 219, 220. We assume that it would be invalid none the less if disguised as a tax on sixty per cent of the par value, if other moneyed capital was uniformly and intentionally assessed at one-third of its actual value and if sixty per cent of the par value of the bank shares was more than one-third of their actual value. Accidental inequality is one thing, intentional and systematic discrimination another. See further *Raymond* v. *Chicago Traction Co.*, 207 U. S. 20. We agree with the plaintiff that the only taxes contemplated by § 5219 are taxes on the shares of stock and taxes on the real estate. *Owensboro Nat.*

*Bank* v. *Owensboro*, 173 U. S. 664, 669. Hence, while the law does not consider the nature of the bank's investments not taxed in fixing the value of its stock, *Palmer* v. *McMahon*, 133 U. S. 660, it may be argued consistently with the decisions that real estate taxed to the bank, and land out of the Territory, which could not be taxed by it at all, *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194, are meant to be deducted by Rev. Stat. § 5219, and are required to be by the territorial law. But we agree with the Supreme Court of the Territory that the time for deciding these and other questions has not come.

The acceptance of what was admitted to be due created no estoppel to demand more. There are no such precise averments in the complaint as would warrant our assuming that no assessment could be made for a further amount, still less that none in any form could be made, when there is no valid one upon the books. We cannot tell, and much more positive averments of intent than those before us would not warrant a court in prejudging, what the assessing officer will do. It is not for a court to stop an officer of this kind from performing his statutory duty for fear he should perform it wrongly. The earliest moment for equity to interfere is when an assessment has been made. Probably it will be made with caution, after this case.

*Judgment affirmed.*