PUFFER MFG. CO. v. ROBERTSON, State Revenue Agent, et al.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1918.)

No. 3096.

1. TAXATION ⊜⇒498—JURISDICTION—MULTIPLICITY OF SUITS.

Where by written contracts of conditional sale, each providing for retention of title until payment of the purchase price, and that the buyer should pay all taxes levied or assessed against the property, complainant sold soda fountains and apparatus to many different purchasers in various counties in Mississippi, complainant is not, Code Miss. 1906, § 4740, providing an adequate means for contesting unlawful assessments, entitled to invoke the aid of equity to enjoin the state revenue agent from giving notice that such property had escaped taxation for want of assessment, on the theory that taxes had been assessed against the various purchasers and paid by them, for, though assessment of complainant's property would result in many proceedings, there was no common question decisive as to all the proposed assessments.

2. TAXATION ⊜⇒498—ASSESSMENT—INJUNCTION.

As the Mississippi Constitution requires an assessment of property, as a condition to its taxation, and the statutes provide an adequate method for assailing assessments, a court of equity has no jurisdiction to enjoin a Mississippi state revenue agent from notifying assessors and other taxing officials that property had escaped taxation for want of assessment, on the theory that it had been assessed against others and the taxes by them paid, for without an assessment there could be no recovery of back taxes.

3. TAXATION ⊜⇒320—STATUTES—MODIFICATION.

Stipulations by state revenue agent concerning assessments are unavailing, where in conflict with the state statutes for raising revenue.

Appeal from the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Bill by the Puffer Manufacturing Company against Stokes V. Robertson, State Revenue Agent for the State of Mississippi, and others. From a decree dismissing the bill, complainant appeals. Affirmed.

W. Calvin Wells, of Jackson, Miss., and Holmes & Holmes, of Yazoo City, Miss., for appellant.

James R. McDowell and Fred M. West, both of Jackson, Miss., for appellees.

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

EVANS, District Judge. The purpose of the bill is to enjoin the state revenue agent from giving notice to the assessors and tax col-

lectors of various counties of the state of Mississippi, and of the municipalities and levee boards of that state, that certain soda water fountains and apparatus belonging to complainant, which had been sold to various customers in different counties under contracts of conditional sale, had escaped taxation by reason of not having been assessed. A temporary injunction was refused, and the bill was dismissed, and from this decree an appeal was allowed.

The Puffer Manufacturing Company, incorporated under the laws of the state of Maine, with its principal place of business at Winchester, Mass., is engaged in the manufacture and sale of soda water fountains and apparatus. In the course of its business it sold to different customers in about 80 counties in the state of Mississippi divers and sundry soda water fountains and soda water apparatus under written contracts of conditional sale, providing for the vendor's retention of title until the purchase price is paid, and that the purchaser will pay all taxes levied or assessed against the property described in the contract. The bill alleged that the various purchasers had returned for taxation the property sold to the particular purchaser, and the taxes due thereon had been assessed in each instance against the purchaser, and had been paid by the purchasers. The terms of the contract of conditional sale with the different purchasers were contained in a printed form and were essentially the same. The bill further charged that in 1915 the state revenue agent gave notice to various assessors in a few counties of the state that soda water fountains and apparatus sold by complainant to its various customers in these counties had escaped taxation by reason of not having been assessed in previous years, and was proceeding to assess this property, when complainant and the attorney of the state revenue agent entered into an agreement that, if complainant would furnish the revenue agent with a correct list of all the personal property held under conditional sale in the state, the revenue agent would assist in the ascertainment of this information, and would delay action until an honest effort had been made to ascertain from these purchasers whether the taxes had been paid. The bill charges, and the answer denies, a breach of this agreement.

[1] The statutes of Mississippi create a revenue agent, whose duty is to discover whether any person or property has escaped taxation. If he finds that any property has escaped taxation, it is his duty to give written notice to the tax collector of that fact. It then becomes the duty of the collector to make the proper assessment, and give ten days' notice in writing to the person or corporation whose property is assessed, and all objections to such assessment shall be heard at the next meeting of the board of supervisors of counties or board of mayor and aldermen of municipalities. An appeal lies to the circuit court from the order of the board approving or disapproving such assessment. Code 1906, § 4740. It is admitted that complainant owns items of personal property in over 80 counties in the state, and that no taxes on these items of personalty were assessed against complainant. But complainant contends that it sold these items of property at different times to different persons, taking from each purchaser a

contract that the legal title to the particular property should remain in it as vendor until the purchase price was paid by the vendee, and that the vendee would have the taxes assessed against him and pay the taxes as assessed, and, further, that the taxes had been assessed against the various purchasers and paid by them. It is clear that complainant has a remedy to contest in each jurisdiction the liability of its property in the particular taxing district for assessment on the rolls as property which has escaped taxation. But it contends that the remedy afforded by the statute is inadequate, for the reason that under the facts of the case more than 80 proceedings will be necessary, and that if all the controversies are settled in one suit a multiplicity of actions will be avoided.

We do not think this is a case for the application of the rule that a court of equity will take cognizance of a controversy to prevent a multiplicity of suits. That doctrine is only applicable when the apprehended suits present a common point of controversy. The complainant sold a separate soda water apparatus to about 80 different purchasers. The sales were separate and distinct. No single sale was connected with or related to another sale; each being an independent transaction. The question in each case is whether a particular purchaser complied with his own contract as to the assessment and payment of the taxes on his purchase. There is no common point in the controversy in the ascertainment of the fact of each purchaser's complying with his individual covenant. It may be convenient to the holder of 100 promissory notes, given by as many different promisors residing in as many different counties, for different amounts and for different considerations, to join them in one action; but such convenience will not outweigh the inconvenience of the defendants, arising from the joinder of so many unrelated and distinct causes of action in one suit. The controlling and prominent fact in the complainant's claim for relief is that each of his vendees has paid the tax on the property of complainant in the vendee's possession. The taxes due to the levee board, or municipality, in one taxing district, on property located in that district, is absolutely unrelated to the taxes due in another taxing district, on property located in that district.

[2] Moreover, it has been decided by the Supreme Court of Mississippi that the Constitution of that state requires an assessment of property as a condition of its taxation. Revenue Agent v. Tonella, 70 Miss. 701, 14 South. 17, 22 L. R. A. 346. If the revenue agent be enjoined in this case as prayed, no assessment would be made, and the different taxing districts would be precluded from a recovery of back taxes, if it should turn out that the property of complainant had escaped taxation. It is no reply to say that the bill charges that the taxes have been paid, for the reason that the statute provides how that issue shall be made. The statutes of Mississippi afford an opportunity to the complainant to try the issue on each transaction, and the validity of these regulations for the assessment and collection of taxes are not assailed.

[3] It does not require argument or citation of authority to prove that the statutes of the state, enacted for the collection of its revenue, cannot be superseded by stipulations between one of its officials and the owner of property which is subject to assessment and taxation.

Judgment affirmed.