GULF REFINING CO. OF LOUISIANA v. PHILLIPS, Tax Collector (two cases).

SAME v. SANDLIN, Tax Collector.

(Circuit Court of Appeals, Fifth Circuit. March 22, 1926. Rehearing Denied April 22, 1926.)

Nos. 4636–4638.

1. Commerce ☞72—Intentional interruption of movement of commodity in interstate commerce for purposes beneficial to owner held to make commodity subject to local taxation.

Intentional interruption of movement of commodity in interstate commerce for purposes beneficial to owner, who did not from beginning expect to have uninterrupted movement to destination, but arranged for holding it until further movement could be made, renders commodity subject to local taxation.

2. Commerce ☞72—Holding oil in storage tanks awaiting further transportation held to break continuity of interstate journey, and subject oil to local taxation.

Holding oil in tanks located on pipe lines extending from oil fields to refinery in another state, some of which remained in storage for several months in tanks which were of greater capacity than required for continuous operation of pipe lines, and at all times contained large quantity of oil, held to break continuity of interstate journey, and subject oil to local taxation.

3. Schools and school districts ☞103(1)—Validity of Louisiana parish school tax duly imposed held not dependent on formal levy by resolution of board of school directors.

Under Louisiana statutes prescribing no method of levying parish school tax after its imposition is duly authorized, held, that validity of such tax voted on at election, result of which was duly declared by board of school directors, was not dependent on formal levy by resolution of board, where secretary of board directed tax assessor to assess tax and such direction was followed.

4. Trial ☞67.

It is within trial court's discretion to permit plaintiff to introduce additional evidence after he has rested.

5. Evidence ☞417(3)—In suit involving validity of parish school tax, admitting evidence of adoption of formal resolution for levy of tax not shown by minutes, held not error, where evidence did not contradict anything in minutes of meeting.

In suit involving validity of parish school tax, it was not error to admit evidence of adop-

tion of resolution for levying of tax at meeting of board of school directors at which it was introduced, where, though minutes of meeting did not show adoption thereof, evidence did not contradict anything in minutes.

**6. Constitutional law ⬤═283—Eminent domain ⬤═2(11)—Schools and school districts ⬤═99 —Taxation ⬤═44—Ad valorem school tax on oil in tanks held not invalid because owner did not receive same benefit as others, nor constitute arbitrary taking of property, without due process of law, and without compensation, nor inequality or discrimination.**

Ad valorem tax for school purposes on oil in tanks awaiting transportation was not invalid because it may not have resulted in same benefit to owner or to its property as accrued therefrom *to other property or persons,* and its imposition was not an arbitrary taking of property without due process of law, and without compensation, nor did it constitute inequality nor discrimination.

**7. Taxation ⬤═611(9)—In Louisiana, statutory attorney's fees and penalties are recoverable on dissolution of injunction restraining collection of local taxes.**

In Louisiana, statutory attorney's fees and penalties are *recoverable on dissolution of injunction restraining* collection of local taxes, and one unsuccessfully contesting validity of taxes on his property until after they are due and payable is liable therefor.

**8. Taxation ⬤═498—Court of equity will not interfere to stop tax-assessing officer from performing his statutory duty, for fear he may perform it wrongfully.**

Court of equity will not interfere to stop tax-assessing officer from performing his statutory duty, for fear he may perform it wrongfully, and should not interfere prior to making assessment.

**9. Schools and school districts ⬤═107—Suit to enjoin assessment of parish school tax on oil in tanks held properly dismissed, as premature, where state Constitution and statutes provided adequate remedies.**

Suit to enjoin assessment of parish school taxes on oil in *storage tanks awaiting transportation held* properly dismissed, as premature, where Constitution and laws of Louisiana provided adequate remedies to contest correctness of assessments after they are made.

Appeals from the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Suits by the Gulf Refining Company of Louisiana against A. H. Phillips and against M. H. Sandlin, each as Tax Collector of Webster Parish, Louisiana. Decrees for defendants (5 F.[2d] 514), and plaintiff appeals. Affirmed.

J. S. Atkinson, of Shreveport, La. (Frederick E. Greer, of Shreveport, La., and D. Edward Greer, of Houston, Tex., on the brief), for appellant.

Robert A. Hunter, of Shreveport, La., Harry P. Sneed, of New Orleans, La., and D. W. Stewart, of Minden, La. (R. H. Lee, of Minden, La., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. In one of these three cases the appellant challenged taxes for the year 1922 on oil in tanks in Webster parish, La., in favor of that parish and in favor of Dubberly school district No. 27, in which such tanks were located; in another of the cases the appellant challenged similar taxes for the year 1923; and in the remaining case the appellant sought an injunction restraining the assessment of similar taxes for the year 1924. It was contended that the taxes were invalid because the oil which was the subject of them was in transit in interstate commerce and was not subject to be taxed in Webster parish.

Since prior to 1920 the appellant has maintained at Dubberly, in Webster parish, a tank farm, originally consisting of 18 steel tanks, one of which was destroyed by lightning, each having a storage capacity of 55,000 barrels of oil. The tanks cost approximately $375,000. To those tanks oil is brought by pipe lines from Arkansas and the Claiborne Parish, La., oil field. From those tanks oil goes by appellant's pipe line to the state line between Texas and Louisiana, and thence to a refinery at Port Arthur, Tex. The capacity of the line leading from the oil fields into Dubberly was approximately 16,000 barrels per day, while the capacity of the line going to Texas was about 8,000 barrels per day. The tank farm served the purposes of enabling the appellant to take care of the excess of oil received over what could be moved, and to select the oil to be first moved; it being desirable to move the freshest crude oil first, as more gasoline is obtained from fresh oil. In 1920 and 1921 the appellant sold large quantities of oil from the tanks at Dubberly; the oil sold being moved from that place in tank cars. Throughout the years 1922 and 1923 large quantities of oil were constantly kept in the tanks at Dubberly, in some cases the same oil being so kept there for several months. From two to four tanks would suffice for the amount of oil that could be moved through the line going to Texas. The average quantity of oil constantly on hand in the tanks at Dubberly was many times more than the quantity that could be delivered to the pipe going to Texas. The tanks at Dubberly were used to

store oil until it could be sold or moved through the line going towards its intended final destination.

[1, 2] The opinion in the case of Champlain Co. v. Brattleboro, 260 U. S. 366, 43 S. Ct. 146, 67 L. Ed. 309, 25 A. L. R. 1195, clearly states the distinction between the arresting of the movement of a commodity in interstate commerce for its safety and protection from dangers due to natural causes to which it is exposed in its journey, and the intentional detention of it for the beneficial purposes of the owner, who did not from the beginning expect it to have an uninterrupted movement to its ultimate destination, but arranged for the halting of it until its further movement could be made to suit his convenience. Such an intentional detention for the purposes just mentioned renders the commodity subject to be taxed at the place where it is stopped. It plainly appears that the tanks at Dubberly were intended and habitually used as a depot or storage place for so much of the oil as, in the absence of any obstruction or mishap to the line going south, had to be detained there until it was sold or the movement of it could be resumed. It also appears that those tanks were used as a means of stopping and holding oil for the business purposes and convenience of the appellant; oil being moved from that place as and when appellant chose to have it moved. We think that the continuity of the interstate journey of such oil was so broken, and it so came to rest, as to be subject to local taxation.

[3] It was contended that one of the taxes in question, a parish-wide school tax of five mills, was unenforceable because it was not legally levied. Pursuant to statutory authority, a tax in that amount for the period of 10 years was voted at an election, the result of which was duly declared by the body, the board of school directors, which was vested with authority in that regard. Thereupon such board, by its secretary, in writing directed the tax assessor of the parish to assess the tax as voted for school purposes for the year 1922, and that direction was complied with. The statute prescribes no method of levying such tax after the imposition of it has been duly authorized. What was done sufficiently indicated the purpose of the board to have the voted tax assessed and collected. The result of the election determined the yearly rate of the tax and the period during which it was to be paid. The validity of the tax was not dependent upon a formal levy of it by a resolution of the board. Bradford v. Grant Parish School Board, 154 La. 242, 97 So. 430.

[4, 5] It was contended that other taxes in question were unenforceable, because the minutes of the board at which a formal resolution for their levy was introduced did not show that such resolution was adopted. After the appellee rested, the court permitted a reopening of the case and the admission of evidence of the adoption of that resolution at the meeting at which it was introduced. It was within the discretion of the court to permit the appellee, after he had rested, to introduce additional evidence. As the evidence of the adoption of the resolution contradicted nothing in the minutes of the meeting at which that resolution was introduced, it was not error to permit the introduction of that evidence. Meridian Fertilizer Factory v. Wright, 136 La. 926, 67 So. 967.

[6] Pursuant to authority conferred by statute, an election was held for the purpose of submitting to the tax-paying voters of Dubberly school district No. 27 the question of incurring debt and issuing negotiable bonds to the amount of $50,000, to run for a period of five years, for the purpose of erecting, equipping and furnishing a school building at Dubberly. The election resulted in the requisite vote for the adoption of that proposition. The tax levied in pursuance of that action was contested on the ground that it constituted an abuse of the taxing power, involving the taking of appellant's property without due process of law for the benefit of persons, including property owners, other than appellant. In the imposition of the ad valorem tax in question there was no discrimination against the appellant or its property, in favor of property located in the school district which was owned by others. It is not to be questioned that the tax was for a purpose which was beneficial to property and persons located in that district. It was not rendered invalid as to appellant by reason of the fact that it may not have resulted in the same measure of benefit to the appellant or its property as accrued therefrom to other property or persons located in that district. The imposition of the tax did not amount to an arbitrary taking of appellant's property without compensation. There was no such inequality or discrimination as has the effect of rendering a tax invalid. Dane v. Jackson, 256 U. S. 589, 41 S. Ct. 566, 65 L. Ed. 1107; Branson v. Bush, 251 U. S. 182, 40 S. Ct. 113, 64 L. Ed. 215.

By the decrees appealed from in the cases involving the taxes for the years 1922 and 1923, the court sustained the injunctions issued when those suits were instituted so far as the taxes were upon that part of the oil which was found to have been in transit in interstate commerce. The record does not show that the amount of oil which was held to be subject to the taxes was in excess of what was so at rest as to be subject to those taxes.

[7] By the above-mentioned decrees the appellee, the tax collector, was adjudged to be free to proceed in the usual and statutory manner to collect the taxes which were sustained, with costs, interest, penalties, and attorney's fees, as provided by the laws of Louisiana. In that state statutory attorney's fees and penalties are recoverable on the dissolution of an injunction restraining the collection of local taxes. Howcott v. Smart, 125 La. 50, 51 So. 64; Oden v. Industrial Lumber Co., 153 La. 734, 96 So. 549. One who unsuccessfully contests the validity of taxes on his property until after they are due and payable is liable for penalties and attorney's fees prescribed by statute. McFarland v. Hurley (C. C. A.) 286 F. 365. Those decrees were not erroneous in the respect under consideration.

[8, 9] The bill seeking an injunction to restrain an assessment of taxes was filed in February, 1924, to restrain an alleged threatened assessment of oil for taxes for that year. The Constitution and laws of Louisiana prescribe remedies for the contesting by taxpayers before administrative tribunals and courts of the correctness of assessments of their property for taxation. The arresting of the ordinary processes for the assessment of property for taxation is not necessary for the protection of taxpayers, as adequate remedies are available after the assessment has been made. A court of equity will not interfere to stop a tax-assessing officer from performing his statutory duty for fear he may perform it wrongfully, and should not interfere prior to the making of the assessment. First National Bank of Albuquerque v. Albright, 208 U. S. 548, 28 S. Ct. 349, 52 L. Ed. 614; Pittsburgh, etc., Ry. v. Board of Pub. Works, 172 U. S. 32, 19 S. Ct. 90, 43 L. Ed. 354; Keokuk Bridge Co. v. Salm, 258 U. S. 122, 42 S. Ct. 207, 66 L. Ed. 496; Puffer Mfg. Co. v. Robertson, 248 F. 463, 160 C. C. A. 473. The bill in question was properly dismissed, as it prematurely sought relief.

The records show no reversible error. The decrees appealed from are affirmed.