## TURNER v. AMERICAN S. S. OWNERS' MUT. PROTECTION & INDEMNITY ASS'N, Inc.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1927.)

No. 4922.

**1. Insurance ☞195(1)—Levy of assessment by mutual company held in substantial compliance with by-laws.**

Where the by-laws of a mutual marine insurance company provided that, after the close of a year, the directors should levy a tonnage assessment on the members to cover the losses of the year, a resolution of the directors fixing the amount of the assessment and authorizing its levy by the managers *held* a substantial compliance with the requirement.

**2. Admiralty ☞70—Variance between allegations of libel in admiralty and proofs as to date of assessment held not material.**

In a suit in admiralty by a mutual marine insurance company to recover assessments levied on a member, a difference between the dates

of the assessments as alleged in the libel and as shown by the proofs *held* not such a variance as to affect libelant's right to relief.

**3. Insurance ☞193(1)—Discretion of directors in determining basis for assessments, fairly exercised, may not be interfered with by courts.**

Where the directors of a mutual marine insurance company are required by its by-laws to determine the tonnage on which an insured shall be assessed, which is not necessarily the actual tonnage of the vessel, but varies with the risk and the risks insured against, their discretion, honestly and fairly exercised, cannot be interfered with by the courts.

Appeal from the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

Suit in admiralty by the American Steamship Owners' Mutual Protection & Indemnity Association, Inc., against Horace Turner. Decree for libelant, and respondent appeals. Affirmed.

Wm. B. Inge, of Mobile, Ala., for appellant.

Palmer Pillans and Alexis T. Gresham, both of Mobile, Ala. (Palmer Pillans, Alexis T. Gresham, H. Pillans, and Pillans, Cowley & Gresham, all of Mobile, Ala., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was a libel in admiralty by the appellee, a New York corporation, engaged in the business of insurance on the mutual assessment plan of persons owning or operating vessels against liability for certain risks, losses, etc., as liability for personal injury, for loss or damage to cargo, for collision, etc., against the appellee who, under written application made by him in October, 1917, was accepted as a member for such insurance in connection with three vessels owned by him. The libel was for the recovery of the amounts of two assessments, one alleged to have been levied on November 8, 1920, and the other alleged to have been levied on October 19, 1921, with interest on those amounts. The contract between the insurer and the insured is evidenced by a written application for membership, a written acceptance thereof, and the insurer's charter and by-laws. The claim asserted was resisted on the grounds: (1) That the alleged assessments were not made in accordance with the insurer's by-law on the subject, and that, as to the dates of the assessments, there was a variance between the libel's allegations and the proofs; and (2) that the assessments were not mutual, but were arbitrary and fraudu-

lent as against the appellant. The evidence, which included the testimony of several witnesses, was given in the presence of the trial judge, who overruled the contentions of the appellant, and ordered a decree in favor of the appellee for the amount sued for.

[1] A by-law of the appellee contained the following:

"To provide money with which to pay the other expenses and the losses of any insurance year, the directors shall from time to time during or after the year levy assessments upon each member in the proportion which the aggregate of his contributing tonnage bears to the contributing tonnage of all steamships entered for such insurance year, as such tonnage appears on the books of the association at the time of each assessment, and, when all losses and expenses for an insurance year shall have been ascertained and determined, the directors shall levy final assessments for such insurance year upon all members for that year, ratably in like manner."

The appellee's directors, at a meeting held on October 4, 1920, adopted the following resolution:

"Resolved, that the managers be authorized to levy a further assessment on the members for the year 1918–19 of thirty cents per ton, payable December 1, 1920."

Notice of the assessment so provided was given to appellant on November 8, 1920. At a meeting of the directors held on October 3, 1921, the following resolution was adopted:

"Resolved, that the managers be authorized to levy a supplementary assessment on all members for the year 1919–20 at the rate of 30 cents per ton on the contributing tonnage."

[2] Formal written notice of the assessment so provided for was given appellant on October 19, 1921. The above-quoted by-law does not prescribe any method to be pursued by the directors in levying assessments. The substance of it was to require that assessments be imposed by or pursuant to action of the directors. The quoted resolutions show that the directors determined the amounts of the assessments and the purpose for which they were made. Those resolutions sufficiently indicated the purpose of the directors to have the amounts stated assessed and collected for the years stated. We are of opinion that there was a substantial compliance with the requirement that assessments be levied by the directors. Gulf Refining Co. v. Phillips (C. C. A.) 11 F.(2d) 967. If it can properly be regarded that the allegations of the libel as to the dates of the assessments were variant from the evidence on that subject, the variance was not such a one as would affect the asserted right to relief sought in a court of admiralty. The Gazelle & Cargo, 128 U. S. 474, 9 S. Ct. 139, 32 L. Ed. 496.

[3] Evidence adduced showed the following: Under the plan adopted by the appellee for conducting the insurance business mentioned, the insurance year runs from noon of February 20th one year to noon of February 20th of the next year; the subject of assessments made to cover the insurer's expenses and losses is what is called contributing tonnage; each assessment being of the same amount against each contributing ton, where insurance is in effect for only part of a year, the contributing tonnage subject to assessment for expenses and losses during that year being a proportionate part of the annual contributing tonnage. The contributing tonnage was not required to correspond with the actual tonnage of the vessels with respect to which insurance was contracted for; sometimes being more and sometimes less than the actual tonnage. When appellant's application was made and accepted, he had notice that the contributing tonnage of each of the three vessels in reference to which insurance was obtained considerably exceeded that vessel's gross registered tonnage. The plan mentioned is consistent with fairness and mutuality. Its fairness and mutuality are dependent upon whether in carrying it out the contributing tonnage of the vessels of all the parties insured is or is not fixed with due regard to the nature of the risks and the amounts of liability or losses insured against. The fixing of contributing tonnage is capable of being made the means of fairly and equitably distributing the costs of the insurance furnished. A multitude of circumstances properly may be considered in determining the value or cost of insurance furnished. It is apparent that, though two vessels have the same actual tonnage, their contributing tonnage—in other words, the measure of the value or cost of the insurance furnished—should not be the same where the risks against which the owner of one is insured are more hazardous and the amount payable to him on the happening of a specified kind of loss or damage is greater than the owner of the other contracts for, as, generally speaking, the actual cost of insurance is greater in the one case than in the other.

It was disclosed that there was no uniformity in what in insurance parlance is called coverage; some vessel owners or operators insuring against risks which were not incurred or were not insured against by oth-

er owners or operators, and some insuring only against the excess of losses or damage above specified amounts, while others insured against the whole amounts of similar losses or damage. The plan in question called for the exercise by the insurer's directors of judgment and discretion in fixing and apportioning the contributions to be made by the insured to cover the insurer's expenses and outlays in furnishing the insurance contracted for. The action of the directors in that regard is not subject to be interfered with by the courts, if their judgment and discretion were exercised in good faith and not fraudulently or arbitrarily. Clarkson v. Supreme Lodge, K. of P., 99 S. C. 134, 82 S. E. 1043; Wright v. Minnesota Mutual Life Ins. Co., 193 U. S. 657, 24 S. Ct. 549, 48 L. Ed. 832. A phase of the evidence adduced supported a finding that the insurer's directors in fixing the contributing tonnage and in making the assessments in question exercised their judgment and discretion fairly and honestly and not fraudulently or arbitrarily. The court found in accordance with that phase of the evidence. The record is not such as to justify this court in setting aside that finding. We conclude that the decree was not erroneous on any ground suggested.

That decree is affirmed.