WAGNER, Respondent, vs. LEENHOUTS, Assessor of Incomes, and others, Appellants.

*March 8—June 20, 1932.*

294

The cause was submitted for the appellants on the briefs of the *Attorney General, Herbert H. Naujoks,* assistant

attorney general, *George A. Bowman,* district attorney of Milwaukee county, *Oliver L. O'Boyle,* corporation counsel of Milwaukee county, and *Clark J. A. Hazelwood,* assistant corporation counsel, and for the respondent on those of *Fred R. Wright* and *E. C. Pommerening,* both of Milwaukee.

The following opinion was filed April 5, 1932:

NELSON, J. In the view we take of this case a rather narrow question is presented for determination. The plaintiff contends that since his business is that of conducting a "small loans" business without the state of Wisconsin, and since such business is conducted at forty-six separate and distinct offices in several foreign states, such business so conducted has a local situs for purposes of taxation without the state of Wisconsin and therefore the income therefrom is not subject to taxation in Wisconsin. It is insisted that no audit of the plaintiff's business so conducted without the state of Wisconsin may be legally had by the defendants. The defendants, on the other hand, contend that, regardless of whether it may ultimately be determined that all or part of the income derived by the plaintiff from such "small loans" business conducted in other states is or is not taxable by this state, they have a clear right under our laws to make all reasonable and necessary investigations into the plaintiff's business for the purpose of determining whether or not all or any of said income so derived as aforesaid is taxable within this state. This action is clearly brought for the purpose of enjoining the defendants from making an assessment of the plaintiff's income. No assessment has in fact been made and no assessment may ever be made.

The question for decision is simply this: May an assessor of incomes be restrained and enjoined by the courts from making or causing to be made an audit of the books of a

resident of this state for the purpose of determining whether the income of such resident is taxable under the laws of this state, and from making an assessment for income tax purposes?

While the order appealed from permits the defendants to make, or cause to be made, an examination of the books and records of the plaintiff's business conducted outside of the state of Wisconsin to such an extent as may be necessary to determine whether or not any part of said income is subject to taxation, and if, in the opinion of the defendants, it is so subject to tax, then to determine the amount thereof, it nevertheless, by continuing the original temporary order in full force and effect, restrains and enjoins the defendants from making an assessment of income tax or proposing the assessment of income tax on the income of the plaintiff's business conducted outside of the state of Wisconsin. It thus clearly restrains and enjoins the defendants from making an assessment of the plaintiff's income derived from sources without this state. While the effect of the several orders is not entirely clear, it is conceded by both the plaintiff and the defendants that the effect of such orders is to enjoin a determination of the amount of the income and the making of any assessment thereon until the question of the taxability thereof has been determined by the court. This gives rise to a very important question which has not been specifically before this court for determination.

The several assessors of incomes are state officers appointed by the Wisconsin Tax Commission and required by law to assess incomes pursuant to the provisions of ch. 71, Stats. As such officers they possess all powers granted by law to the Wisconsin Tax Commission or to assessors in the assessment of personal property. Sec. 71.09 (1).

Sec. 71.11 (2) confers authority upon assessors of incomes to make investigations and audits of the books and records of individuals to determine the taxability of the in-

come or interests of such individuals or firms, which section provides as follows:

"For the purpose of ascertaining the correctness of any return or for the purpose of making a determination of the taxable income of any person, the Tax Commission or assessor of incomes shall have power to examine or cause to be examined by any agent or representative designated by it, any books, papers, records or memoranda bearing on the income of such person, and may require the production of such books, papers, records or memoranda, and require the attendance of any person having knowledge in the premises, and may take testimony and require proof material for their information. Upon such information as it may be able to discover, the Tax Commission or the assessor of incomes shall determine the true amount of income received during the year or years under investigation."

It is quite apparent that if an assessor of incomes cannot investigate and make an audit of the records, books, and papers of an individual or firm to determine whether or not there is taxable income under the laws of this state, he may at times be rendered quite helpless in the performance of his duty.

The gist of the plaintiff's complaint is that he is threatened with an illegal assessment of an income tax on income which is not subject to taxation in Wisconsin, and that he is threatened with having his business secrets and the manner of conducting his business made public. It will thus be noted that the plaintiff's grievances are based upon an apprehension that the defendants will act illegally and in violation of law. No such presumption, we think, may be indulged in.

It is well established that equity will not interfere to enjoin an apprehended illegal assessment. The general rule is thus stated in 26 Ruling Case Law, p. 460:

"It is clear that a court of equity will not enjoin an apprehended illegal assessment. At all events the court will wait

until the assessors have acted before it attempts to interfere and will not assume that they are acting in violation of law, however probable it may seem in any particular case."

In *First Nat. Bank v. Albright,* 208 U. S. 548, 28 Sup. Ct. 349, which involved the enjoining of a reassessment of stock and real estate belonging to the plaintiff bank, the court in affirming the judgment of the lower court and in dismissing the appeal said:

"It is not for a court to stop an officer of this kind from performing his statutory duty for fear he should perform it wrongly. The earliest moment for equity to interfere is when an assessment has been made."

In *Gulf Refining Co. v. Phillips,* 11 Fed. (2d) 967, it was sought to restrain the assessment of oil in tanks in Louisiana for taxation purposes. It was said:

"A court of equity will not interfere to stop a tax-assessing officer from performing his statutory duty for fear he may perform it wrongfully, and should not interfere prior to the making of the assessment. *First Nat. Bank v. Albright,* 208 U. S. 548, 28 Sup. Ct. 349, 52 Lawy. Ed. 614; *Pittsburgh, C., C. & St. L. R. v. Board of Public Works,* 172 U. S. 32, 19 Sup. Ct. 90, 43 Lawy. Ed. 354; *Keokuk Bridge Co. v. Salm,* 258 U. S. 122, 42 Sup. Ct. 207, 66 Lawy. Ed. 496; *Puffer Mfg. Co. v. Robertson,* 248 Fed. 463, 160 C. C. A. 473."

It was held that the appeal therein was properly dismissed as it prematurely sought relief. To the same effect is the rule declared in *Judd v. Fox Lake,* 28 Wis. 583; *Gilkey v. Merrill,* 67 Wis. 459, 30 N. W. 733; *Sage v. Fifield,* 68 Wis. 546, 32 N. W. 629.

It is also well settled that equity will not interfere to enjoin an alleged illegal assessment where there is an adequate legal remedy. It seems to be well settled that where there is a choice between the ordinary processes of law and in-

junction, and the legal remedy is sufficient, no extraordinary facts being shown, an injunction will not be granted to enjoin or restrain an investigation by a tax assessor to determine whether or not the income or interests of an individual or a firm are taxable under the laws of a state. 4 Cooley, Taxation (4th ed.) §§ 1646 and 1647; 14 Ruling Case Law, pp. 339–342, §§ 43–44; 4 Pomeroy, Eq. Jur. (4th ed.) § 1873; *Dalton Adding M. Co. v. State Corp. Comm.* (1915) 236 U. S. 699, 35 Sup. Ct. 480, 59 Lawy. Ed. 798; *Boise Artesian H. & C. W. Co. v. Boise City* (1909) 213 U. S. 276, 29 Sup. Ct. 426, 53 Lawy. Ed. 796.

It seems plain to us that a person against whom an illegal assessment has been made has a complete and adequate remedy under the laws of this state. He may test the correctness of an assessment made by the assessor of incomes by appealing to the income tax board of review of the county where he resides, and, if the ruling there is adverse to him, he may have it reviewed by the Tax Commission, from which decision he may appeal to the circuit court of the county in which the assessment is made, with the right to appeal from the decision of such court to this court. Secs. 71.12 to 71.16, Stats., inclusive. We think that the remedies given to a person who has been assessed for income tax purposes must be held to be adequate and complete, in the absence of extraordinary facts or circumstances.

As to whether or not the plaintiff's income from without the state of Wisconsin is taxable, we of course express no opinion, for the reason that neither an assessment nor the facts upon which it is based are before us. No assessment has been made and none may ever result from any investigation or audit conducted by the defendants affecting income from property having a situs for taxation purposes without the state of Wisconsin.

Nor do we express any opinion as to whether or not the figures, work sheets, and compilations showing the amounts and sources of income from without the state, which may be incorporated into an audit, are public records, certified copies of which might be obtained by tendering to the officers having the custody thereof sufficient fees therefor. Sec. 327.18, Stats. No audit has been made and consequently the issuing of a certified copy of an audit of plaintiff's income is certainly not threatened. The question as to what the plaintiff's rights would be were such an audit in existence and were the contents thereof about to be revealed or divulged to a competitor of the plaintiff, via the certified official record route, is not before us. Such action by either an assessor of incomes or the Tax Commission would give rise, we think, to a very important question which should be adequately briefed by counsel and carefully considered by this court before reaching a decision thereon.

*By the Court.*—The circuit court for Milwaukee county is hereby directed wholly to vacate and set aside the restraining order or orders appealed from.

A motion for a rehearing was denied, with $25 costs, on June 20, 1932.