## 22957. STATE REVENUE COMMISSION v. HAWKINS.

JENKINS, P. J. 1. Banks chartered by the United States being considered instrumentalities of the Federal government, and their capital, franchises, and operations being therefore not taxable by the States by virtue of State powers of taxation, except with the consent of the Federal government, shares in such banks can not be so taxed except by express legislative permission of Congress. Union Bank & Trust Co. v. Phelps, 288 U. S. 181 (53 Sup. Ct. 321, 77 L. ed. 687); Owensboro Nat. Bank v. Owensboro, 173 U. S. 664, 668 (19 Sup. Ct. 537, 43 L. ed. 850); First Nat. Bank v. Albright, 208 U. S. 548 (28 Sup. Ct. 349); Bank of Cal. v. Richardson, 248 U. S. 476-490 (39 Sup. Ct. 165); Des Moines Nat. Bank v. Fairweather, 263 U. S. 103 (44 Sup. Ct. 23, 68 L. ed. 191); First Nat. Bank v. Anderson, 269 U. S. 341 (46 Sup. Ct. 135, 70 L. ed. 295); McCulloch v. Maryland, 4 Wheat. 316 (4 L. ed. 579).

2. Under the legislation of Congress (12 U. S. Code, § 548) as amended by the act of March 25, 1926 (12 U. S. C. A. Supp. 1932, § 548), the several States are given four alternative options in taxing national banking associations and their shares,— (1) to tax said shares, or (2) to include dividends derived therefrom in the taxable income of an owner or holder thereof, or (3) to tax such associations on their net income, or (4) according to or measured by their net income. Subdivision 1(a) of the law as so amended provides that "the imposition by any State of any one of the above four forms of taxation shall be in lieu of the others, except as hereinafter provided in subdivision (c) of this clause."

3. Subdivision 1(c) of the act is as follows: " (c) In case of a tax on or according to or measured by the net income of an association, the taxing State may, except in case of a tax on net income, include the entire net income received from all sources, but the rate shall not be higher than the rate assessed upon other financial corporations nor higher than the highest of the rates assessed by the taxing State upon mercantile, manufacturing, and business corporations doing business within its limits: *Provided,* however, that a State which imposes a tax on or according to or measured by the net income of, or a franchise or excise tax on, financial, mercantile, manufacturing, and business corporations organized under its own laws or laws of other States, and also imposes a tax

upon the income of individuals, may include in such individual income dividends from national banking associations located within the State, on condition that it also includes dividends from domestic corporations, and may likewise include dividends from national banking associations located without the State on condition that it also includes dividends from foreign corporations, but at no higher rate than is imposed on . dividends from such other corporations."

4. The State of Georgia having, in section 11 of its general tax act, approved August 25, 1927 (Ga. L. 1927, p. 99), exercised the first option given by the Federal law, and having thus taxed the shares of stock of national banking associations, and having by the act approved August 29, 1929 (Ga. L. 1929, p. 75), amended the act taxing bank shares by providing that "banks and trust companies doing a general banking business shall not be required to pay any income tax" under the income-tax act approved August 22, 1929 (Ga. L. 1929, p. 92), did not have the power to exercise the second option of the Federal law so as to "include dividends derived" from national-bank shares "in the taxable income of an owner or holder thereof," payable under the State income-tax law. Under a fair and proper construction of the proviso contained in subdivision 1(c), it must be held to apply to and limit the preceding language of that subdivision, and to give to the State the power to "include in such individual income dividends from national banking associations" only where the State, according to the terms of such preceding language, has also followed the option of imposing "a tax on or according to or measured by the net income of" a national banking association. It can not be construed, as is contended by the State, to apply to and increase and enlarge the taxing powers in the four alternative options expressed at the beginning of the act, and thus to nullify the language of the preceding subdivision 1(a) that "the imposition by any State of any of the above four forms of taxation shall be in lieu of the others, except as hereinafter provided in subdivision (c) of this clause." Such exception refers to the entire "subdivision 1(c)," and not merely to the proviso, which follows as a part of the same sentence. Accordingly, the State, having chosen to impose a tax upon the shares of a national bank, and having excepted such banks from the payment of income taxes, could not levy and collect income taxes upon dividends from its shares received by its stockholders. See Citizens &c. Bank v. Atlanta, 46 Fed. (2d) 88, where Judge Sibley similarly construed the Federal and State laws in a case involving the right of a city to tax such shares.

5. For the reasons stated, the court did not err in denying the motion of the State Revenue Commission to dismiss the shareholder's affidavit of illegality as amended, and in sustaining the affidavit and dismissing the levy.        *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 5, 1934.

*Lawrence S. Camp* and *M. J. Yeomans, attorneys-general, Frank A. Holden, W. K. Meadow, J. T. Goree* and *B. D. Murphy, assistant attorneys-general,* for plaintiff.

416

*Spalding, MacDougald & Sibley, Alston, Alston, Foster & Moise,* for defendant.