### PEOPLE v. LOUGHMAN.
#### No. 73.

Circuit Court of Appeals, Second Circuit.
Dec. 5, 1938.

John J. Bennett, Jr., Atty. Gen. (John M. Stull and Hugh Reilly, Assts. to Atty. Gen., of counsel), for the People.

Gibboney & O'Brien, of New York City (Stuart G. Gibboney, Morgan J. O'-Brien, 2d, and James L. Duncanson, all of New York City, of counsel), for appellant.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The defendant is the duly appointed and qualified receiver of The Larchmont National Bank and Trust Company, a national banking association organized under the provisions of the statutes of the United States. It was engaged in the banking business in Larchmont, New York, when it became insolvent and on August 5, 1933 it went into receivership by virtue of the appointment of a re-

ceiver for it by the Comptroller of Currency acting under authority of the Act of Congress of June 30, 1876, 19 Stat. 63, § 1, 12 U.S.C.A. § 191. Since then it as been in process of liquidation through such receivership.

Before the receiver was appointed the State of New York assessed a tax upon its net income for the year 1931 in accordance with the provisions of Article 9-C of the Tax Laws of the State of New York, Chapter 62, Laws of 1909, as amended, Consol.Laws, N.Y.C. 60. This tax was not paid by the bank and though a claim for it was duly presented to the receiver the claim was rejected and wholly disallowed. Thereupon this suit was brought to recover the amount of the tax with interest. Trial was by court, a jury having been waived, and judgment was entered for the plaintiff. The defendant has appealed.

The facts are not in dispute and have all been established either by allegations in the complaint admitted by the answer or by stipulation of the parties. The sole issues are whether the State of New York had the power to assess the tax on the net income of the bank, and whether, even so, this suit may be maintained against the receiver for its collection.

The New York statute in terms laid the tax on the net income of every national bank in the state, leaving no doubt as to the form and method of taxation adopted by the state legislature. It has long been settled law that no state may tax a national bank except in accordance with permission granted by Congress. Owensboro National Bank v. Owensboro, 173 U. S. 664, 19 S.Ct. 537, 43 L.Ed. 850. The first permission given the states by Congress to impose taxes directly affecting national banks as such was in the statute of June 3, 1864 which became Sec. 5219, R.S. It was a grant of power to tax national bank shares and the real estate of national banks. First National Bank v. Albright, 208 U.S. 548, 28 S.Ct. 349, 52 L.Ed. 614. That marked the limit of state power to tax until the amendment of March 4, 1923, 42 Stat. 1499, which kept the historical basis of the tax, that on real estate aside, as one on the shares but expressly gave permission for the inclusion of "dividends derived therefrom [the shares] in the taxable income of an owner or holder thereof", and for a tax on "the income of such associations"

under certain conditions. This was followed by another amendment on March 25, 1926, 12 U.S.C.A. § 548, which in so far as now material provided that:

"The legislature of each State may determine and direct, subject to the provisions of this section, the manner and place of taxing all shares of national banking associations located within its limits. The several States may (1) tax said shares, or (2) include dividends derived therefrom in the taxable income of an owner or holder thereof, or (3) tax such associations on their net income, or (4) according to or measured by their net income, provided the following conditions are complied with * * *."

As it has been made to appear that all the conditions imposed were complied with in this instance, they will be disregarded.

It is argued by the defendant that because Congress in the first sentence of the amendment, quoted above in part, spoke only of taxing the shares, its permission to impose any tax at all was limited to one on the shares themselves. On the assumption that that contention is correct it is said to follow that the only permissible tax, aside from that on real estate, would be in effect one against the owners or holders of the shares regardless of whether they or the bank was bound to pay it for if paid by the bank it would be paid as their agent. Home Savings Bank v. Des Moines, 205 U.S. 503, 27 S.Ct. 571, 51 L.Ed. 901. Being payable only as the agent of the owners or holders of the shares, it was formerly held that the tax could not be recovered from the receiver of an insolvent bank who has no assets belonging to the shareholders to which he may look for reimbursement. City of Boston v. Beal, C.C., 51 F. 306; Stapylton v. Thaggard, 5 Cir., 91 F. 93.

We think, however, that the argument of the defendant is inapplicable to this case because its first premise is untenable. It presupposes that after the 1926 amendment the states could not tax national banks themselves on their net income. The reason for taking such a position is that as Congress retained the old emphasis on a tax on shares, it would require plain and explicit language to extend the power to include the right to tax net income. Conceding that, we cannot fail to find such clear grant of power. There are four specified methods of taxation and the amendment requires that the

imposition "of any one of the above four forms of taxation shall be in lieu of the others" except in situations not here material. Thus four alternative forms of taxation were permitted and one of them was to "tax such associations on their net income". It would be difficult, perhaps impossible, to find language which would more clearly grant to the states permission to tax the net income of national banks to the banks themselves. The State of New York did just that and duly assessed this tax under the provisions of its taxing law. We agree with the court below that it was a valid tax against the bank itself.

▆▆ Because it is that instead of being a tax against the shares merely, it is a valid claim against the receiver which is payable out of the assets of the bank as the taxpayer. Nor is it deferred by the provisions of 12 U.S.C.A. § 570, since that statute applies only to taxes due from national banks to the United States. Congress has not provided for similar subordination to the claims of depositors of taxes due states from national banks nor has the State of New York.

Judgment affirmed.